---

## Ex Parte Aranzamendi.

### Solicitud para que se expida mandamiento de Habeas Corpus.

No. 19.    Resuelto en Mayo 18, 1905.

Habeas Corpus.—Pena impuesta al acusado.—En un procedimiento de habeas corpus no procede discutir si la pena impuesta por un Juez al acusado, dentro de los límites de su jurisdicción ó facultades discrecionales, es ó no excesiva.

Id.—Cumplimiento de sentencia.—Mandamiento de prisión.—La detención de un prisionero en cumplimiento de sentencia dictada contra él, debe estar justificada con una copia certificada de la sentencia original, según el artículo 327 del Código de Enjuiciamiento Criminal, y el incumplimiento de este precepto, produce la nulidad del mandamiento, por carecer de requisito esencial y procede la excarcelación del prisionero en un procedimiento de habeas corpus.

Id.—Las disposiciones del art. 484 del Código de Enjuiciamiento Criminal, se refieren á personas constituídas en prisión en virtud de acusación criminal, pero no en virtud de sentencia condenatoria.

Id.—Nueva encarcelación.—La circunstancia de que un prisionero, en virtud de sentencia condenatoria, hubiere sido excarcelado en un procedimiento de habeas corpus, por no haberse dado cumplimiento al artículo 327 del Código de Enjuiciamiento Criminal, no es obstáculo para que pueda ser nuevamente encarcelado, mediante copia certificada de la sentencia dictada contra él.

Los hechos están expresados en la opinión.

Abogado del Peticionario: *Sr. Sepúlveda.*

Abogado del Pueblo: *Sr. Rossy,* Fiscal.

El Juez Asociado Sr. Hernández, emitió la siguiente opinión del Tribunal.

Con fecha 21 de Febrero último el abogado Don Domingo Sepúlveda en representación del preso Justo Aranzamendi, presentó ante la Corte de Distrito de Ponce escrito de habeas corpus interesando la libertad de Aranzamendi en atención á que la prisión que estaba sufriendo era ilegal por dos razones: primera, porque la condena de dos años y 50 días de prisión, estos últimos por falta de pago de multa de 50 dollars, que le fué impuesta por la Corte Municipal de Ponce en causa por delito de agresión, era cruel y desusada, violándose así la enmienda 8a. de la Constitución de los Estados Unidos de América; segunda, porque el mandamiento para la prisión de Aranzamendi era defectuoso por faltarle el requisito fundamental que exige el artículo 327 del Código de Enjuiciamiento Criminal.

Expedido y diligenciado el auto de Habeas Corpus, aparece que Aranzamendi sufría prisión desde el 20 de Enero del año próximo pasado á virtud de condena de la Corte Municipal de Ponce según mnadamiento que copiado á la letra dice así:

"El Pueblo de Puerto Rico. El Presidente de los Estados Unidos. —El Alcaide de la Cárcel de esta Ciudad, en virtud del presente. tendrá en la misma al individuo Justo Aranzamendi hasta que cumpla dos años de prisión y 50 dollars de multa, equivalente la multa á 50 días más que ha de sufrir dicho acusado en ese penal, cuya pena le fué impuesta por esta Corte por el delito de agresión. Ponce, Enero 20 de 1905.—Por orden de la Corte.—F. Gautier, Secretario."

El Juez de Distrito de Ponce, después de oídas las alegaciones de las partes, resolvió que procedía desestimar la petición de Aranzamendi para su excarcelación, por

ser meramente formales los defectos del mandamiento, y estar expedido por un Juez Municipal (Artículo 484 del Código de Enjuiciamiento Criminal) y por no ser materia de un procedimiento de Habeas Corpus la determinación de si la penalidad impuesta dentro de los límites señalados por la ley es ó no excesiva.

Contra esa resolución interpuso el promovente recurso de apelación ante esta Corte Suprema que se ha tramitado con la sola intervención del Fiscal, por no haber comparecido el apelante el cual está hoy en libertad bajo fianza.

Estamos conformes en que no cabe discutir en un procedimiento de habeas corpus si la penalidad impuesta por un Juez dentro de los límites de su jurisdicción ó de sus facultades discrecionales es ó no excesiva; pero entendemos que según el precepto del artículo 327 del Código de Enjuiciamiento Criminal, para el cumplimiento de una sentencia debe entregarse copia certificada del original al Oficial que tenga la obligación de ejecutarla; y como ese precepto no ha sido cumplido en el presente caso es ilegal la prisión de Justo Aranzamendi por ser defectuoso en un requisito fundamental el mandamiento expedido para su prisión sin que abone el proceder de la Corte Municipal de Ponce el artículo 484 del Código de Enjuiciamiento Criminal, que se refiere á personas constituidas en prisión en virtud de acusación criminal, pero no en virtud de sentencia condenatoria.

Por las razones expuestas, vistos los artículos 483 en su número 3o. y 491 en su número 2o. del Código citado, procede se revoque la resolución apelada, quedando en libertad definitiva Justo Aranzamendi, á reserva de que pueda ser reducido nuevamente á prisión por la Corte Municipal de Ponce, mediante copia certificada de la sentencia que motivaba su prisión, cancelándose la fianza que

prestó para disfrutar de libertad durante la tramitación del recurso.

*Revocada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras, MacLeary y Wolf.