## Ex Parte Pesquera.

## Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª.

### No. 355.—Resuelto en junio 8, 1911.

Desacato—Habeas Corpus—Examen de los Hechos Constitutivos de Desacato.—En un procedimiento de *habeas. corpus* no puede revisarse los hechos constitutivos de desacato, y que han servido de fundamento a la sentencia condenatoria dictada contra el que ha cometido el desacato, sino que por el contrario, si la corte sentenciadora tenía jurisdicción sobre la materia, y la persona, la apreciación de los hechos, hecha por ella, es conclusiva.

Id.—Mandamiento de Prisión—Requisitos que Debe Reunir en Caso.de Desacato—Márshal de la Corte—Alcaide de la Cárcel—Ley Foraker.—Examinado el mandamiento de prisión expedido contra el peticionario en virtud de la sentencia condenatoria de desacato, y vistos los requisitos que exige la sección 3 de la Ley de Desacato de marzo 1, 1902, tal como ha sido enmendada por la ley de marzo 8 de 1906 y el artículo 327 del Código de Enjuiciamiento Criminal, el tribunal resolvió que el citado mandamiento reune sustancialmente todos los requisitos exigidos por la ley, sin que tales mandamientos deban expedirse a nombre de los "Estados Unidos de América, el Presidente de los Estados Unidos," pues tal mandamiento no constituye la diligencia judicial (*judicial process*) a que se refiere la sección 16 de la Ley Foraker.

Id.—Mandamiento de Arresto—Medios de Obligar la Comparecencia del que Comete el Desacato.—En vista de la redacción de la Ley de Desacato de marzo 8, 1906, es discutible la necesidad absoluta de que se expida mandamiento de arresto contra la persona que comete un desacato en la presencia del tribunal, aunque opinamos que es mejor práctica el hacerlo.

Id.—Arresto del Acusado—Copia Certificada de la Sentencia Condenatoria.—Según los preceptos del artículo 327 del Código de Enjuiciamiento Criminal, la copia certificada de una sentencia condenatoria, es un mandamiento suficiente para poner en prisión a un acusado y dichos preceptos deben cumplirse en todos los casos.

Id.—Habeas Corpus—Defectos de Forma en un Mandamiento de Prisión.—Los defectos de forma de que pueda adolecer un mandamiento de prisión, según el artículo 484 del Código de Enjuiciamiento Criminal, no pueden servir de base en un procedimiento de *habeas corpus* para decretar la excarcelación del peticionario.

Id.—Jurisdicción de las Cortes Municipales para Castigar por Desacatos Cometidos en su Presencia—Cortes de Registro—Juzgados de Paz.—Según la legislación vigente en Puerto Rico, las cortes municipales y juzgados de paz no son cortes de registro, (*courts of record.*)

Id.—Cortes Municipales—Jueces de Paz—Jurisdicción para Castigar por Desacato.—Teniendo en cuenta que de acuerdo con los artículos 4 y 14 de la ley reorganizando el sistema judicial, de marzo 10, 1904, los jueces munici-

pales ejercen todas las funciones de los jueces de paz a quienes sustituyeron y que de acuerdo con la ley de mayo 28, 1904, el procedimiento criminal en las cortes municipales es el mismo que rige en los juzgados de paz, es indudable que las cortes municipales, de acuerdo con los artículos 56 y 61 del Código de Enjuiciamiento Criminal tienen facultades para mantener el orden y el prestigio de la corte, castigando por desacatos cometidos en presencia del tribunal, imponiendo las penas que prescribe el citado artículo 61.

ID.—FACULTADES DE LAS CORTES MUNICIPALES PARA CASTIGAR POR DESACATO.—Aun en el supuesto de que los artículos 56 y 61, por los razonamientos consignados en el párrafo anterior, no dieran facultades a las cortes municipales para castigar por desacato, los preceptos del artículo 29 del Código de Enjuiciamiento Civil le conferirían tales facultades en los casos preceptuados en dicho artículo.

ID.—CORTES MUNICIPALES—PENA EXCESIVA.—Examinada la pena de prisión de 5 días, impuesta al peticionario, el tribunal resolvió que tal pena no es excesiva y que la corte municipal no se excedió en su jurisdicción al imponerla, no estando obligada según el artículo 61 a imponer la pena alternativa de multa o prisión, sino que podría imponer cualquiera de ellas o ambas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José L. Pesquera.*

Abogado del apelado: *Sr. Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

La presente es una apelación interpuesta contra la sentencia de la Corte de Distrito de San Juan ordenando la devolución del prisionero, en un procedimiento de *habeas corpus,* a la custodia del alcaide de la cárcel del Dorado. El apelante, que es un abogado que ejerce su profesión en la corte municipal de Bayamón, de donde es juez el Hon. L. Santiago Carmona, se encontraba en dicha corte en la celebración de una causa criminal, y, al tratar el juez de hacer ciertas preguntas a un testigo se opuso a ello el abogado, de donde surgió una discusión entre ambos que dió por resultado que el juez tuviera que procesar por desacato al referido abogado ordenando su prisión en la cárcel del Dorado, en cuya villa se encontraba la corte celebrando juicios por cinco días. Estos procedimientos tuvieron lugar el día 19 de abril de 1911, habiendo anteriormente la corte llamado al orden al abogado varias veces; apareciendo todos esos hechos de la orden de prisión que se encuentra en los autos.

El abogado presentó una solicitud de *habeas corpus* al Juez Gill de la Corte de Distrito, en donde alegaba que el juez municipal no tenía jurisdicción para ordenar su prisión por desacato, y celebrada la vista del caso, la controversia quedó enteramente resuelta en 25 de abril último, dictando la corte una orden negando el excarcelamiento del prisionero y ordenando fuera devuelto a la custodia del alcaide de la cárcel mencionada, con el fin de que cumpliera con la sentencia de la corte municipal de Bayamón.

Contra esta sentencia interpuso el peticionario recurso de apelación para ante este tribunal, celebrándose oportunamente la vista de dicho recurso en 5 de mayo último; a cuyo acto compareció el apelante personalmente y por medio de abogado, estando representado El Pueblo de Puerto Rico por el Fiscal de esta corte. Se alegan varios fundamentos para que se revoque la sentencia y se ponga en libertad al prisionero, los que examinaremos por su orden debido.

La *primer* cuestión que surge de los autos, es la que se refiere a la facultad de la corte de distrito, en procedimientos de *habeas corpus,* para examinar los hechos en que se fundó la corte municipal al dictar su sentencia de desacato. Está bien establecido por muchas autoridades, que la corte que conoce de un caso de *habeas corpus*, no tiene facultad, cuando el prisionero está encarcelado por una sentencia de desacato dictada por otra corte, por mala conducta en presencia del tribunal; pero que los hechos en tales casos de desacatos se consideran enteramente resueltos si la corte procedió de acuerdo con la ley y tenía jurisdicción sobre la persona y la materia, y facultad para dictar sentencia, la orden de prisión debe prevalecer. (Spencer, *ex parte,* 83 Cal., 460; Clark *ex parte,* 110 Cal., 405; *Shattuck* v. *State,* 24 Am. Rep., 624; *Tolman* v. *Jones,* 114 Ill., 153.)

Estas autoridades son suficientes pero podrían citarse muchas más que pueden encontrarse en 9 Cyc. 68, nota 5; Rapalje sobre Desacato, artículo 157, así como otros libros de textos sobre *habeas corpus* y procedimientos de desacato.

La *segunda* cuestión que se ha presentado, es si el mandamiento de prisión es nulo o ineficaz por no cumplir con los estatutos. Se insiste en que el mandamiento no está hecho de conformidad con la ley orgánica ni con el estatuto que regula la materia de desacato, aprobado en 1 de marzo de 1902, y enmendado en 8 de marzo de 1906. (Véase el artículo 16 de la Ley Orgánica y los Estatutos Revisados de P. R., pág. 87.) · La sección 16 de la Ley Orgánica determina la forma de los procedimientos judiciales; que se seguirán en nombre de los Estados Unidos de América, el Presidente, etc. Se hace referencia al caso de Solares *ex parte* (4 P. R. Rep., 154) como uno en que se declara con lugar la alegación de que el mandamiento es nulo. Aquel caso no era uno de desacato, en que los procedimientos son sumarios y más o menos irregulares. Por tanto no puede considerarse como un precedente para el caso que ahora consideramos. Es cierto que la sección 3ª. de la ley que regula los procedimientos en casos de desacato, citada anteriormente, dispone que el mandamiento expresará el acto o actos que constituyan el desacato, así como la fecha, sitio, y las circunstancias del mismo, especificando la sentencia, sin cuyos requisitos será nulo y sin ningún valor. El mandamiento que encontramos en los autos reune en substancia todos estos requisitos y es suficiente según la ley.

El artículo 327 del Código de Enjuiciamiento Criminal dispone además:

"Cuando se haya dictado sentencia que no sea de muerte, se entregará enseguida una copia certificada del original al oficial que tenga la obligación de ejecutarla, y no será necesaria ninguna otra orden ni autorización para justificar o pedir la ejecución."

Esta es la ley de donde procede la autoridad del márshal de la corte y del alcaide de la cárcel para encarcelar al solicitante. En la copia de la sentencia de este caso, que ha sido certificada por el secretario, se cumple enteramente con este requisito. Se alega que todo procedimiento debe seguirse en el nombre del Presidente de los Estados Unidos, pero tal

orden expedida por el juez, no es diligencia propiamente dicho, sino un mandamiento o auto de prisión. En la ley de 1906 se le llama orden o mandamiento. Pero esto no hace que se convierta en el *procedimiento* a que se refiere la ley orgánica en su sección 16. 2 Bouvier, 766.

El principio relativo al hecho de traer a una persona ante un tribunal, emana del departamento ejecutivo y se conoce con el nombre de procedimiento, pero una vez adquirida jurisdicción, es la corte la que expide las demás órdenes necesarias para la tramitación de sus asuntos y ejecuta sus sentencias. Según la redacción de la ley de 8 de marzo de 1906, es discutible si es necesario en absoluto un auto o mandamiento para efectuar el arresto de una persona por un desacato cometido en presencia de la corte; sin embargo, entendemos que es la mejor práctica en la mayor parte de los casos la expedición del mandamiento. En este caso, según hemos dicho, la orden o mandamiento mostraba "los actos constitutivos del desacato, la época y sitio de la comisión del mismo, las circunstancias y la sentencia de la corte" según exige la ley, y era completamente suficiente. (Estatutos Revisados de P. R., art. 146.)

No solamente es una copia certificada de una sentencia condenatoria un mandamiento suficiente para la prisión y detención de un prisionero en la cárcel, según los artículos 327 de nuestro Código de Enjuiciamiento Criminal, sino que se ha declarado que este artículo de la ley debe cumplirse en todos los casos según sus términos; esto es, una copia de la sentencia condenatoria debe entregarse al alcaide de la cárcel que es la que da autoridad al alcaide para encancelar al prisionero. (Eugenio Buitrago *ex parte,* resuelto en 12 de diciembre 1906; Lino Julio *ex parte,* resuelto en 22 de junio de 1905; Pablo Rolón *ex parte,* resuelto en 22 de junio de 1905; José G. Torres *ex parte,* resuelto en 24 de mayo de 1905; Justo Aranzamendi *ex parte,* resuelto en 18 de mayo de 1905; José Benito *ex parte,* resuelto en 14 de noviembre, 1904.)

Además, si en el auto de prisión hubiera algún error simplemente sería uno de forma, y según el artículo 484 de nuestro Código de Enjuiciamiento Criminal, no puede el prisionero por ese motivo ser excarcelado en procedimientos de *habeas corpus.* (Código de Enjuiciamiento Criminal, art. 483, pár. 3; Bird *ex parte,* 3 P. R. Rep., 500; Bird *ex parte,* 4 P. R. Rep., 422; Medina *ex parte,* 4 P. R. Rep., 502.) El auto de *habeas corpus,* según hemos declarado frecuentemente, no puede hacer las veces de una apelación o de un recurso por causa de error. (Cintrón *ex parte,* 5 P. R. Rep., 185; Bird *ex parte,* 5 P. R. Rep., 505.)

Llegamos ahora a la *tercera* cuestión envuelta en este récord, a saber; ¿tenía jurisdicción del caso la corte municipal al ordenar el encarcelamiento del prisionero por desacato cometido en su presencia, o excedió la corte su jurisdicción al condenar al prisionero a prisión por cinco días en términos absolutos y no como un castigo alternativo por la falta de pago de la multa? Para resolver esta cuestión debemos determinar cuál es el estatuto que tiene aplicación a este caso; el artículo 61 del Código de Enjuiciamiento Criminal, o la ley referente a desacato, aprobada en 1 de marzo de 1902, que se encuentra en los Estatutos Revisados, páginas 87 y 89. Según sus términos el segundo estatuto se refiere únicamente a las cortes de registro; y debemos entonces preguntar, ¿son las cortes municipales de esta isla, cortes de registro? No pueden ser consideradas como tales. Esto está bien determinado en nuestros estatutos, que de modo claro expresan que la Corte Suprema y las de distrito de Puerto Rico son cortes de registro, de donde se infiere también claramente que las cortes municipales y juzgados de paz no lo son. (Código de Enjuiciamiento Civil, art. 3 y 4, pág. 177-178.) De acuerdo con todas las mejores autoridades, tales cortes tendrían que excluirse de esa categoría (1 Diccionario de Leyes de Bouvier, pág. 465, y autoridades allí citadas.)

Pero el peticionario insiste, basando su razonamiento en el artículo 146 de los Estatutos Revisados, en que las cortes

municipales están comprendidas en las disposiciones de la ley de 1 de marzo de 1902. Se dice que de no ser así la ley haría referencia a una clase de cortes que no existe. Eso puede ser así, pero puede haber sido la intención de la Legislatura el legislar acerca de una clase de cortes de registro que fueran creadas por una legislatura subsiguiente. Esta suposición por lo menos es más razonable que el clasificar a las cortes municipales como cortes de registro, haciendo caso omiso de los principios bien establecidos. Si hubiera sido la intención de la Legislatura el convertir a las cortes municipales en cortes de registro, fácilmente hubiera podido declararlo así, y estaríamos obligados a considerarlas como tales.

El juez de distrito que conoció de este caso, funda su sentencia en una resolución dictada por el Hon. Félix Córdova Dávila, en la Corte de Distrito de Guayama, en el caso de Manuel Rivera Torres *ex parte,* en cuyo caso el juez sentenciador dictó una luminosa y lógica opinión que por sí se recomienda altamente a nuestra aprobación. Examinemos además la ley aplicable a los casos de desacato que se cometan en las cortes inferiores de Puerto Rico.

La ley especial que define el delito de desacato y fija el correspondiente castigo para el mismo, fué aprobada en 1 de marzo de 1902, y quedó en vigor desde la fecha de su aprobación. El Código Penal y la Ley de Enjuiciamiento Criminal que fueron asimismo aprobados en igual día, empezaron a regir el día 1 de julio de 1902. De modo que a partir de la última fecha quedaron en vigor, a la vez, tres estatutos, a saber; la ley especial referente a desacato, artículos 45 y 145 del Código Penal, y el artículo 61 del Código de Enjuiciamiento Criminal. (Véanse los Estatutos Revisados y Códigos de Puerto Rico, págs. 87, 530, 554, 555, y 688.) Si inmediatamente después de empezar a regir estas leyes, al tener conocimiento un juez de paz que se había cometido un desacato a su autoridad, hubiera castigado a la persona que fuera culpable de tal desacato con cinco días de prisión en la cárcel, dicho juez no habría excedido su facultad en el ejercicio de

sus funciones, con arreglo al artículo 61 del Código de Enjuiciamiento Criminal, y esto no obstante las prescripciones del artículo 2 de la ley definiendo el delito de desacato y fijando la pena para el mismo. Esto está admitido por todo el mundo. Veamos ahora si después de las modificaciones introducidas en las leyes, continúa en vigor el artículo 61 del Código de Enjuiciamiento Criminal y si el juez municipal tenía autoridad para imponer un castigo por desacato de acuerdo y por virtud de las prescripciones de este artículo. Las secciones 1 y 3 de la ley especial de desacato a que se ha hecho referencia, fueron enmendadas por una ley aprobada en 8 de marzo de 1906, que derogó también el artículo 145 del Código Penal y enmendó el artículo 45 del mismo Código. (Leyes de la sesión de 1906, págs. 32 y 33.) Estas enmiendas no cambiaron o modificaron de modo alguno la sección segunda de la expresada ley especial, que continúa en vigor en igual forma que cuando fué aprobada en marzo de 1902, lo mismo que el artículo 61 del Código de Enjuiciamiento Criminal, que tampoco ha sufrido ninguna modificación. Véanse las leyes de la sesión citada anteriormente. El cargo de juez de paz tal y como fué creado por el artículo 14 del Código de Enjuiciamiento Criminal, (Estatutos Revisados y Códigos de Puerto Rico, págs. 673 y 674) quedó expresamente abolido por la sección 3 de la ley "Para reorganizar el sistema judicial de Puerto Rico," aprobada en marzo de 1904, que creó el cargo de juez municipal. (Leyes de la sesión de 1904, pág. 94.)

El artículo 4 de la ley últimamente citada dice:

"A excepción de lo que se determina más adelante en la presente ley, el juez municipal creado por la presente ejercerá todas las funciones que actualmente corresponden a los jueces de paz y jueces municipales."

Estas atribuciones de los jueces municipales después aparecen limitadas por el artículo 14 de la misma ley, que dice:

"En todos los municipios, excepto los de San Juan, Ponce y Maya-

güez, para los que ya se ha provisto en la sección cuarta de esta ley y excepto en los distritos de cortes municipales en que sólo hay una población, será nombrado un juez de paz con jurisdicción para conocer y resolver las faltas en que la pena que aparejen no exceda de quince dollars de multa, o de treinta días de cárcel y además tendrá jurisdicción en todos los casos por infracciones a las ordenanzas municipales, y quien en la ausencia del juez municipal actuará como juez de instrucción." (Leyes de la sesión de 1904, pág. 98.)

Las disposiciones que anteceden demuestran de una manera clara y precisa cuáles son las atribuciones de los jueces municipales así como las que pertenecen a los jueces de paz. Los campos en que se desenvuelven ambos funcionarios quedan completamente deslindados, y bien podemos decir que allí donde terminan las atribuciones del juez de paz, empiezan las del juez municipal.

¿Está entonces autorizado este último funcionario para imponer un castigo de prisión de acuerdo con lo preceptuado en el artículo 61 del Código de Enjuiciamiento Criminal? Hemos visto que según la ley estatutoria el juez municipal ejercerá las mismas funciones que el juez de paz, y por más que sus atribuciones empiecen allí donde terminan las del juez de paz, esta limitación de atribuciones en causas criminales o casos análogos, se refiere únicamente a los delitos ordinarios o comunes, y no al delito de desacato que es de índole especial; pues si el juez municipal ejerce las mismas funciones que el juez de paz, aunque sea dentro de ciertos límites, debe disponer también de los mismos medios para hacer respetar su autoridad, y entre los cuales el de poder castigar a cualquiera persona que incurra en desacato, de acuerdo con los artículos 56 y 61 del Código de Enjuiciamiento Criminal. Pero si las secciones 4 y 14 de la Ley para "reorganizar el sistema judicial de Puerto Rico," citada anteriormente, interpretadas conjuntamente, no fuesen bastante claras y ofreciesen alguna duda sobre este particular, ha venido a disiparla la ley de 28 de mayo de 1904, prescribiendo el procedimiento para los juicios de causas criminales en los juzgados municipales.

El artículo 1 de dicha ley, dice lo siguiente:

"Que el procedimiento para el inicio y la celebración de juicios en causas criminales, en los juzgados municipales, serán los mismos que dispone la ley para causas criminales en los juzgados de paz." (Leyes de la sesión de 1904, sesión especial, pág. 18.)

En virtud de esta ley, ambos tribunales deben regirse por un mismo procedimiento, y es claro que sus jueces deben tener idénticas facultades para mantener el orden, para disponer lo conducente a la más ordenada dirección de los asuntos ante ellos pendientes, para exigir acatamiento a sus fallos, y obediencia a sus órdenes y providencias, y para ejercer las mismas funciones que se determinan en el artículo 56 del Código de Enjuiciamiento Criminal, que también forma parte del procedimiento en tales cortes. El citado artículo 56 especifica las facultades del juez de paz para mantener el prestigio de la corte y asegurar el orden y dirección del procedimiento, y el artículo 61 prescribe la pena que puede imponer el juez de paz para castigar todos los desacatos a su autoridad. Este último artículo es como sigue:

"Dicho juez de paz tendrá facultad para castigar los desacatos que de su autoridad se hagan en el ejercicio de sus funciones judiciales, con una multa que no exceda de dos y medio dollars o con prisión en la cárcel por un plazo que no exceda de cinco días, o con ambas penas."

Después de examinar los estatutos que regulan estas materias no tenemos duda alguna acerca de las atribuciones del juez municipal para imponer ambos castigos, el de multa y prisión de conformidad con el mismo artículo. Es evidente que si una persona cualquiera durante la celebración de un juicio desacata la autoridad del juez municipal, éste puede castigarle, ajustándose al hacerlo, al artículo 61 del Código de Enjuiciamiento Criminal, y con arreglo a la ley de 28 de mayo de 1904, que prescribe los mismos procedimientos para los juzgados municipales que para los juzgados de paz, tanto en éste como en otros casos.

También se dispone en el artículo 29 del Código de Enjuiciamiento Civil que "para el ejercicio efectivo de las facultades conferidas por el precedente artículo a un funcionario judicial, puede éste castigar por desacato en los casos dispuestos en este Código." (Leyes de la sesión de 1904, pág. 183.) Si estas cortes carecieran de toda facultad especial, esta facultad general autorizaría el debido procedimiento por parte del juez municipal en todos estos casos. La sentencia contra la cual se ha interpuesto esta apelación podría confirmarse, si necesario fuera, por virtud y sólo por este último estatuto que ha sido citado.

Es tan importante para la debida administración de justicia que las cortes inferiores de la isla estén debidamente facultadas para mantener el orden durante sus sesiones y conservar el prestigio de las mismas, así como hacer respetar sus procedimientos, como importante es que tales facultades se confieran a las cortes superiores. Con una multa insignificante de $2.50, a penas sería suficiente para reprimir a algunas personas excitadas por algún interés o sentimiento durante el curso de un juicio acaloradamente controvertido; y tanto la Legislatura, como el foro y la judicatura, deben prestar su ayuda a esos concienzudos y laboriosos caballeros que sirven a su país en los honrosos cargos de las cortes inferiores, en los esfuerzos que realizan para cumplir debidamente con sus deberes judiciales. Asimismo el juez municipal no debe imponer castigos severos, excepto en casos de notoria desobediencia a sus órdenes.

Teniendo este criterio acerca de las distintas cuestiones que aparecen de los autos, debe confirmarse la sentencia de la Corte de Distrito de San Juan, Sección 2ª., y ordenarse que el prisionero sea devuelto a la custodia del alcaide de la cárcel municipal del Dorado, para que cumpla con la sentencia.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.