Ex Parte Monserrate Colón, peticionario y apelante, y El Pueblo de Puerto Rico, opositor y apelado.

No. 2432.—*Visto:* Marzo 31, 1925. *Resuelto:* Abril 2, 1925.

1. Desacato—Actos o Conducta Constitutiva de Desacato al Tribunal—Incomparecencia de Persona Citada.—Cuando una persona ha sido citada, bajo un nombre distinto, para comparecer como testigo ante una corte municipal y no comparece, y no niega que había sido citado sino que tácitamente admite tal citación, la corte está facultada para castigarle por desacato.

2. Habeas Corpus—Jurisdicción, Procedimientos y Remedio—Pena Impuesta al Peticionario—Modificación.—El Tribunal Supremo no puede modificar, en un procedimiento de *habeas corpus*, la pena impuesta al peticionario aunque la misma parezca excesiva a dicho tribunal.

Séntencia de *Gabriel Castejón*, J. (Guayama), declarando sin lugar petición de *habeas corpus. Confirmada.*

*Felipe Colón Díaz* y *Carlos del Toro Fernández*, abogados del peticionario apelante; *José E. Figueras*, abogado de *El Pueblo*, apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por Monserrate Colón contra sentencia de la Corte de Distrito de Guayama que negó su excarcelación en un procedimiento de *habeas corpus*.

Resulta de la transcripción que en una denuncia presentada en la Corte Municipal de Guayama contra Lino González por delito de acometimiento y agresión se dice que la persona agredida fué curada de dos heridas por el practicante Fernando Colón, que fué incluído en la lista de testigos y quien no compareció ante la corte el día que estaba señalado para el juicio, por lo que la corte municipal ordenó

verbalmente que fuera llevado a su presencia para que expusiera razones para no ser castigado por desacato. El apelante compareció ante la corte municipal y manifestó que había estado practicando una operación en el hospital municipal por cuyo motivo no había llegado más temprano y la corte municipal lo condenó por desacato a sufrir tres días de cárcel.

Aunque el apelante aparece en la denuncia y en la orden de prisión con el nombre de Fernando Colón, se ha admitido que la persona que compareció a mostrar causa por el desacato y la persona presa por él es Monserrate Colón, de tal suerte que el mismo abogado del apelante solicitó en la vista de *habeas corpus* que se enmendara ese error, por lo que no puede sostenerse el primer motivo del recurso alegado en esta apelación y que se funda en haber considerado la corte de distrito que el apelante fué citado con el nombre de Fernando Colón para el juicio contra Lino González; y aunque se dice que Monserrate Colón nunca fué citado para el juicio porque era Fernando Colón el que aparecía en la lista de testigos, ésto no es sostenible porque Monserrate Colón no negó en la corte municipal que hubiera sido citado para el juicio, y tácitamente admitió tal citación al exponer la razón por la cual no había concurrido oportunamente al juicio.

[1, 2] El artículo 56 del Código de Enjuiciamiento Criminal faculta a los jueces de paz para obligar la comparecencia de personas para declarar en algún asunto pendiente ante ellos, y el artículo 61 los autoriza para castigar los desacatos que de su autoridad se hagan, con multa que no exceda de dos y medio dollars o con prisión en la cárcel por un plazo que no exceda de cinco días, o con ambas penas; facultades que también tienen las cortes municipales, según hemos declarado en el caso *Ex parte Pesquera*, 17 D.P.R. 736, por lo que la corte municipal tuvo jurisdicción para castigar al apelante por desacato, y aunque la pena impuesta

al apelante nos parece excesiva, no puede ser modificada en este procedimiento de *habeas corpus.*

*La sentencia apelada debe ser confirmada.*