Ex Parte Vicente y Antón Alvarez, peticionarios.

No. 94.—*Sometido:* Abril 15, 1929. *Resuelto:* Julio 16, 1929.

*J. Valldejuli,* abogado de los peticionarios; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

De los autos de este caso aparece que el 8 de abril de 1929 la Corte de Distrito de San Juan dictó la siguiente sentencia:

"Se llamó este caso a juicio, y comparecieron el Fiscal Romaní y los acusados. Leída la acusación, los acusados hicieron la alegación de no culpables. Practicada la prueba, la Corte declara a los acusados culpables de un delito de acometimiento y agresión grave y les impone $500 o un día de cárcel por cada dólar que dejaren de satisfacer, no excediendo la pena a más de 90 días, y la mitad de las costas a cada acusado."

Si bien estamos de acuerdo con que dicha sentencia no es tan clara como podría serlo, sin embargo, de las palabras finales "a cada acusado" se desprende que la intención de la corte fué, no imponer una pena en conjunto, sino una

multa de $500 a cada uno de los acusados. Sería absurdo suponer que una sentencia de noventa días debería ser cumplida conjuntamente por los dos acusados, o que la corte estuviera imponiendo una multa que debería ser pagada indistintamente por los acusados, especialmente si uno hubiese satisfecho la multa y el otro no; de forma que los peticionarios no tienen derecho a ser puestos en libertad mediante el recurso de *habeas corpus* con motivo de la supuesta sentencia defectuosa.

Por tanto, es evidente que el secretario de la corte de distrito no estaba dictando una sentencia para la corte, sino meramente cumpliendo su deber ministerial al registrar sentencia contra cada uno de los acusados por la suma de $500.

■ La Corte de Distrito de San Juan ha sido reorganizada varias veces. Su más reciente reorganización tuvo lugar el 16 de septiembre de 1925. Con arreglo a la ley de esa fecha, los jueces de distrito hacen ciertas cosas, pero a cada uno se le señala un término especial y actúa como si fuera un solo juez el que presidiera la corte. Leyes de 1925, página 969. Nada nos han citado los peticionarios, ni nada hallamos en la ley que exija que todos los jueces tomen parte en el procedimiento de la sentencia en una causa criminal.

■ Por otra parte, hemos llegado al convencimiento de que la orden de encarcelación en este caso era defectuosa y no seguía los términos de la ley. El artículo 327 del Código de Enjuiciamiento Criminal dispone que:

"Cuando se haya dictado sentencia que no sea de muerte, se entregará en seguida una copia certificada del original al oficial que tenga la obligación de ejecutarla, y no será necesaria ninguna otra orden ni autorización para justificar o pedir la ejecución."

La interpretación razonable de este artículo es que el deber del secretario de la corte es entregar al márshal o al alcaide, según sea el caso, copia certificada de la sentencia. Tal copia certificada es la autoridad a tenor de la cual el alcaide de la cárcel pone al acusado bajo su custodia. El

diligenciamiento (*return*) del alcaide de la cárcel en este caso no muestra tal copia certificada de la sentencia. En cada caso el alcaide ha presentado una certificación que, *mutatis mutandis*, lee así:

"El·Pueblo de Puerto Rico, al Alcaide de la Cárcel de Distrito de San Juan, P. R.: Se ordena a usted admita en ese penal a Vicente Alvarez por haber sido declarado culpable por_____ en cuanto a la causa No. 735 seguídale por el. Pueblo de Puerto Rico. por un delito de acometimiento y agresión grave, y haberse dictado sentencia en dicho caso, en esta fecha por la Hon. Corte condenando al expresado acusado a la pena de quinientos dollars de multa o un día de cárcel por cada dollar que dejare de satisfacer, no excediendo la prisión de noventa días de cárcel."

Si bien el contenido de la sentencia consta claramente en esa certificación, sin embargo, tal como está escrita, no equivale a un cumplimiento del estatuto. Los peticionarios no están, por tanto, confinados por virtud de una orden expedida en debida forma y entregada al alcaide de la cárcel.

*Debe declararse con lugar la petición* y ponerse en libertad a los presos, sin perjuicio de que se entregue una copia certificada del original de la sentencia dictada al oficial que tenga la obligación de ejecutarla, y se cancela la fianza.

El Juez Presidente Señor del Toro no intervino.