VICENTE ALVAREZ y ANTÓN ALVAREZ, peticionarios-apelantes, *v.* ANDRÉS LUGO, ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, P. R., opositor y apelado.

No. 4063.—*Sometido:* Junio 4, 1930. *Resuelto:* Junio 26, 1930.

*J. Valldejuli*, abogado de los peticionarios; *R. A. Gómez*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la Corte de Distrito de San Juan, se siguió en apelación un procedimiento penal contra Vicente Alvarez y Antón Alvarez, por acometimiento y agresión graves. La sentencia dictada por la corte es como sigue:

"Se llamó este caso a juicio, y comparecieron el Fiscal Romaní y

los acusados. Leída la acusación, los acusados hicieron la alegación de no culpables. Practicada la prueba, la Corte declara a los acusados culpables de un delito de acometimiento y agresión grave y les impone $500 o un día de cárcel por cada dólar que dejaran de satisfacer, no excediendo la pena a más de 90 días, y la mitad de las costas a cada acusado."

El secretario de la citada corte expidió mandamiento por separado para cada acusado, expresando en él que se le había condenado a $500 de multa, o un día de cárcel por cada dollar que dejara de satisfacer, no excediendo de 90 días tal privación de libertad.

Vicente y Antón Alvarez presentaron ante este tribunal un recurso de hábeas corpus, que fué resuelto en 16 de julio de 1929, 39 D.P.R. 935; y entonces la Corte de Distrito de San Juan, ordenó para el cumplimiento de la sentencia de 16 de septiembre de 1926, que el secretario librara mandamiento al márshal para el arresto de los acusados, y su conducción a la cárcel de distrito de San Juan, con mandamiento de prisión, acompañado de copia certificada de la sentencia, como se hizo. Los acusados fueron arrestados; y acudieron a la corte con una petición de auto de hábeas corpus. Alegaron que ellos estaban ilegalmente privados de su libertad, por no haber sido sentenciados por un tribunal con jurisdicción competente: que la sentencia por virtud de la que se les había preso es nula porque no determina la multa que se impone a cada acusado, y es incierta e indeterminada; que el secretario de la corte de distrito no tiene facultades para interpretar una sentencia; que de ningún récord de la corte aparece que se haya dictado una sentencia legal contra los peticionarios; que en el caso de hábeas corpus que ellos radicaron ante este Tribunal Supremo se ordenó la excarcelación y libertad de los peticionarios, y este tribunal no dió facultad a ningún otro para el arresto de los mismos; que el Tribunal Supremo, en su resolución en el caso de hábeas corpus se equivocó al establecer que la frase "y la mitad de las costas a cada acusado" se refiere también a la multa de $500; que

este tribunal ordenó absolutamente la libertad de los acusados sin dar facultad a tribunal alguno para ordenar el confinamiento de los mismos, y que al decir "sin perjuicio del derecho de la corte a enviar copia certificada del original de la sentencia al oficial que tiene el deber de ejecutarlo," sólo dispuso de un principio doctrinal; que el volver a confinar a los peticionarios es someterlos al cumplimiento de una pena de la que fueron absueltos.

La corte, oído el caso, lo decidió declarando sin lugar la petición; y contra esa sentencia se ha interpuesto el presente recurso.

Tres errores señalan los apelantes, sosteniendo que lo fué el considerar como válida y eficaz la sentencia dictada en el caso criminal en 8 de abril de 1928; que lo fué el declarar que la Corte Suprema no ordenó la excarcelación y libertad de los acusados, en su sentencia en hábeas corpus; y que lo fué el declarar que la corte de distrito tiene facultades para hacer cumplir su sentencia, sin que se lo ordene expresamente el Tribunal Supremo.

En el caso de hábeas corpus, No. 94, Ex Parte Vicente y Antón Alvarez, 39 D.P.R. 935, dijimos:

"Si bien estamos de acuerdo con que dicha sentencia no es tan clara como podría serlo, sin embargo, de las palabras finales 'a cada acusado' se desprende que la intención de la corte fué, no imponer una pena en conjunto, sino una multa de $500 a cada uno de los acusados. Sería absurdo suponer que una sentencia de noventa días debería ser cumplida conjuntamente por los dos acusados, o que la corte estuviera imponiendo una multa que debería ser pagada indistintamente por los acusados, especialmente si uno hubiese satisfecho la multa y el otro no; de forma que los peticionarios no tienen derecho a ser puestos en libertad mediante el recurso de hábeas corpus con motivo de la supuesta sentencia defectuosa."

Las palabras de nuestra resolución son, a nuestro juicio, claras y precisas. La sentencia "no es tan clara como podría serlo;" y esto no quiere significar que la sentencia sea ininteligible, o contradictoria, sino únicamente que *pudo* ser más

clara; pero que la intención de la corte fué la de imponer una pena a cada uno de los acusados y que así se ve de la misma sentencia. No existe la pena común o colectiva, ni cabría ella dentro de los principios del moderno Derecho Penal. No hay tribunal alguno que imponga una pena común o colectiva; y no cabe dar a ninguna sentencia ese sentido. Sin interpretar la sentencia de este caso, se puede declarar que la pena de $500 de multa fué la impuesta a cada uno de los acusados.

En la resolución del caso de hábeas corpus No. 94 de este tribunal, llegamos a la conclusión de que, no la sentencia, sino la orden, el mandamiento para ejecutarla, era defectuoso, y no seguía los términos de la ley; y ése fué el fundamento de la resolución.

No decretó este tribunal la libertad absoluta de que habla el apelante, en el sentido de una excarcelación, o una exención de la pena impuesta. Se declaró con lugar la petición de los acusados, se ordenó que se les pusiera en libertad, porque no era correcto el mandamiento por cuya virtud se les encarcelaba; pero "sin perjuicio de que se entregue una copia certificada del original de la sentencia dictada al oficial, que tenga la obligación de ejecutarla." A eso tenía derecho este tribunal. Si la sentencia nuestra era errónea, los peticionarios tenían medios legales de obtener su corrección, que no eran los de acudir a que la corrigiera la corte de distrito.

Los apelantes citan algunas de nuestras decisiones. La del caso *Ex Parte Aranzamendi,* 8 D.P.R. 456, como la del caso *Ex Parte Rolón,* 9 D.P.R. 201, no les favorecen. Debe notarse que en estos dos casos se llegó a decir que los acusados quedaban en "libertad definitiva," lo que no se ha dicho en el presente, o sea en el No. 94, *Ex Parte Alvarez.*

Para hacer cumplir su sentencia, no necesitaba la corte de distrito orden expresa de este tribunal. Si alguna autoridad pudo serle necesaria, se la dieron esas últimas palabras de nuestra sentencia, que admitían la facultad para que se

hiciera cumplir la del inférior, en la forma legal, a la que antes no se ajustó el secretario.

*Debe confirmarse la sentencia apelada.*