Ex parte Enrique Germán, peticionario.

Núm. 432.—*Sometido:* Diciembre 18, 1944. *Resuelto:* Enero 10, 1945.

*Diego O. Marrero,* abogado del peticionario; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

En el caso civil número 42639 de la Corte de Distrito de San Juan, promovido por Carmen Lanclós contra Enrique Germán, sobre alimentos, la demandante solicitó en agosto 27 de 1943 que se castigase al demandado por desacato por no haber depositado las pensiones correspondientes a los meses de junio, julio y agosto de 1943, según le fuera ordenado por dicha corte en su resolución de marzo 17 del

mismo año. En septiembre 10 de 1943 se celebró la· vista del caso con asistencia de ambas partes y el día 23 del mismo mes, la corte inferior dictó sentencia declarando al demandado culpable de desacato y ·condenándole a sufrir treinta días de cárcel, debiendo quedar en suspenso la ejecución de la sentencia siempre que el acusado deposite las pensiones vencidas y no pagadas por los meses de junio, julio y agosto de 1943, para lo cual se le concedieron quince días a partir de la fecha en que le fuera notificada la sentencia.

En noviembre 2 de 1943, la demandante acudió de nuevo ante la corte alegando que el demandado había desacatado todas las órdenes dictadas por la corte y estaba adeudando las pensiones correspondientes a los meses de julio a octubre de 1943. Oídas las partes, la corte dictó · sentencia en contra del acusado y le condenó a la pena de treinta días de cárcel. Esta sentencia, dictada en noviembre 15, 1943, debía quedar en suspenso hasta el 30 ́ del mismo mes, disponiéndose que si antes de esa fecha el demandado depositaba las pensiones atrasadas la sentencia quedaría sin efecto, y en caso contrario se expediría mandamiento de encarcelación. ́

Antes de que se dictara orden alguna de encarcelación, el demandado apeló de ambas sentencias para ante esta Corte Suprema; y no habiendo perfeccionado a tiempo dichos recursos, ambos fueron desestimados por resolución que dictamos en noviembre 14 de 1944. Firmes ya ambas sentencias y devuelto el mandato a la corte sentenciadora, en noviembre 30 de 1944 el secretario de dicha corte expidió bajo su firma un mandamiento cuya parte dispositiva lee así:

"Por tanto: Usted, el márshal de esta Corte, Sección Civil, es por el presente requerido para que arreste a Enrique Germán y lo conduzca y entregue al Alcaide de la Cárcel de Distrito para que extinga la ́ pena de 60 ·días de cárcel, o sea 30 días en cada caso, a que fué condenado por esta Corte por ·delito de desacato, debiendo

devolver a esta Secretaría este Mandamiento diligenciado una vez cumplimentado el mismo.''

En noviembre 29, 1944 el peticionario fué arrestado e ingresado en la Cárcel de Distrito de San Juan. En diciembre 1 de 1944 declaramos sin lugar la petición de hábeas corpus radicada por el confinado; pero habiendo éste solicitado la reconsideración y aducido razones y fundamentos adicionales, expedimos el auto y decretamos la libertad provisional del peticionario previa prestación de fianza por la suma de $300.

En el acto de la vista del recurso, el Alcaide demandado radicó su declaración escrita, en la cual hace constar que el peticionario se encontraba bajo su custodia en la Cárcel de Distrito de San Juan, por virtud del ya mencionado mandamiento de encarcelación expedido por el Secretario de la Corte de Distrito de San Juan.

La sección 3 de la Ley de Desacato de 1902, enmendada por la Ley número 102 de 12 de mayo de 1937 (Leyes de 1936–37, pág. 250), en lo que es pertinente, dispone:

''Siempre que alguna persona fuere multada o encarcelada por desacato a una corte. . . . . . deberá firmarse por el juez sentenciador una orden o mandamiento para dicha multa o prisión, consignándose en el mismo el acto o actos constitutivos de dicho desacato, así como la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia del tribunal, sin lo cual dicha sentencia quedará enteramente nula y sin efecto.''

Al quedar confirmadas las dos sentencias en noviembre 14 de 1944 y devolverse el mandato de esta Corte Suprema a la Corte de Distrito, esta última readquirió jurisdicción sobre ambos casos de desacato para hacer que ambas sentencias se cumplieran de acuerdo con la ley. Artículo 369 del Código de Enjuiciamiento Criminal. Del récord ante nos no aparece que el juez sentenciador expidiera orden o mandamiento alguno para la ejecución de las sentencias de prisión impuestas al peticionario. Fué el secretario de la corte sen-

tenciadora el que oficiosamente y sin autorización legal alguna expidió el mandamiento a virtud del cual el peticionario fué encarcelado. No estamos, pues, ante un mandamiento defectuoso expedido por el juez sentenciador y sí ante un acto desautorizado y nulo del Secretario. Véase *De Torres v. Corte,* 58 D.P.R. 515, 524.

Resultando de lo expuesto que el peticionario se encuentra encarcelado por virtud de un mandamiento que no ha sido expedido por el juez sentenciador, requisito legal y esencial para que la sentencia por desacato · pueda surtir efecto, y que el mandamiento por virtud del cual se priva al peticionario de su libertad es nulo por carecer el Secretario de autoridad para expedirlo, *procede, de acuerdo con lo dispuesto por el artículo 483 del Código de Enjuiciamiento Criminal, que decretemos la excarcelación del acusado y la cancelación de la fianza prestada para permanecer en libertad provisional; pero considerando que el estatuto no fija término alguno para la expedición del mandamiento u orden de encarcelación, la corte sentenciadora puede y debe hacer cumplir sus sentencias expidiendo una orden o mandamiento de encarcelación de acuerdo con lo previsto por el estatuto.*