JOSÉ FERNANDO VÉLEZ PADILLA, conocido por FAGUNDO, peticionario y apelado, *v.* CLODOMIRO SILVA, ALCAIDE DE LA CÁRCEL DE DISTRITO DE MAYAGÜEZ, querellado y apelante.

Núm. 9204.—*Sometido:* Diciembre 26, 1945. *Resuelto:* Febrero 8, 1946.

*Hon Procurador General E. Campos del Toro, Luis Negrón Fernández, Procurador General Auxiliar y J. Rivera Barreras,* abogados del apelante; *M. Figueroa del Rosario,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El Alcaide de la Cárcel de Distrito apela de una sentencia declarando con lugar un recurso de hábeas corpus. Se declaró con lugar la petición por el fundamento de que la sentencia condenando al acusado era nula e inexistente.

En 1942 el peticionario fué juzgado ante un jurado que lo declaró culpable de homicidio involuntario. Del récord ante nos se desprende que el libro de minutas del secretario de la corte de distrito contiene tres asientos que pueden sintetizarse como sigue: (1) El 29 de enero de 1942 el acusado fué juzgado y convicto por un jurado del delito de homicidio involuntario, y este veredicto fué aceptado por la

corte; (2) el 6 de febrero de 1942, se declaró sin lugar una moción de nuevo juicio, y "no habiendo el acusado expuesto motivo alguno por el cual no deba dictarse sentencia, la corte procede a dictarla, condenando al acusado a sufrir la pena de 1½ año de cárcel, sin costas por ser insolvente. . . . La corte deja sin efecto esta sentencia hasta el próximo lunes, y señala una fianza de $1,500 para los efectos de una apelación."; (3) el 9 de febrero de 1942, el referido lunes, se dictó la siguiente orden: "Visto el escrito de apelación que antecede, la corte señala al acusado-apelante en este caso una fianza de mil quinientos dólares ($1,500.00) para poder permanecer en libertad provisional."

El 12 de febrero de 1945 desestimamos por abandono la apelación que se radicó el 9 de febrero de 1942.(¹)

El 2 de abril de 1945 el secretario de la corte de distrito expidió una orden de encarcelación dirigida al alcaide para que confinara al acusado. Dicha orden de encarcelación contenía un párrafo del secretario en el que sintetizaba los pormenores de la sentencia condenando al acusado según se reflejaban del referido asiento del 6 de febrero de 1942. El 5 de abril el acusado radicó el presente recurso de hábeas corpus. El Pueblo ha apelado de la sentencia de la corte de distrito declarando el recurso con lugar.

■ El artículo 327 del Código de Enjuiciamiento Criminal dispone que "Cuando se haya dictado sentencia se entregará inmediatamente una copia certificada del original al oficial que tenga la obligación de ejecutarla, y no será necesaria ninguna otra orden ni autorización para justificar o pedir la ejecución." El Procurador General admite que de conformidad con nuestra jurisprudencia la orden de encarcelación del 2 de abril era nula toda vez que no contenía copia certificada de la sentencia según lo exige el artículo 327.

---

(¹) No hay explicación alguna en el récord de por qué el Procurador General dejó que transcurrieran tres años antes de obtener la desestimación de la apelación por abandono.

*Ex Parte Alvarez,* 39 D.P.R. 935; *Ex Parte Pesquera,* 17 D. P.R. 736; *El Pueblo* v. *Buitrago,* 11 D.P.R. 464.

Sin embargo, el secretario expidió el 12 de abril de 1945, una nueva orden de encarcelación, antes de que se radicara la contestación a la solicitud de hábeas corpus. Esta nueva orden de encarcelación, que expresaba que se expedía para entregarse al alcaide, contenía copia certificada del asiento del 6 de febrero de 1942. Esta nuevo orden de encarcelación de su consecuencia subsanó el referido error, véanse *Ex Parte Pesquera,* supra, pág. 740; *Ex parte Germán,* 64 D.P.R. 397 400, siempre y cuando que el asiento del 6 de febrero comprenda en efecto legal la sentencia de la corte.. Por tanto pasemos a dicha cuestión.

■■ El artículo 326 del Código de Enjuiciamiento Criminal dice como sigue:

"Artículo 326.—Cuando se dicte sentencia en virtud de estar convicto el acusado, el secretario la insertará en el acta, exponiendo brevemente el delito sobre el cual se obtuvo la convicción, y la circunstancia de existir una convicción anterior (si la hubo), y debe reunir y archivar, dentro de los cinco días siguientes, los documentos que se expresan a continuación, como circunstancias del proceso seguido:

"1. La acusación fiscal, y una copia de la minuta de la alegación o excepción perentoria.

"2. Una copia del acta del juicio.

"3. Las instrucciones dadas o negadas, con sus correspondientes endosos, y

"4. Una copia de la sentencia."

La corte de distrito no expuso sus fundamentos para declarar nula la sentencia. Aparentemente la sentencia fué declarada nula por aparecer únicamente en el asiento del 6 de febrero y no ser redactada y firmada por el juez. Pero en el artículo 326 no existe requisito alguno de que la sentencia debe constar por escrito. El artículo 326 dispone solamente que al dictarse la sentencia, ya sea verbal o escrita, "el secretario la insertará en el acta . . ." y si es verbal, la "copia de la sentencia" según el inciso 4 del artículo 326 ob-

viamente consiste de la copia de aquella parte de las minutas que contiene la sentencia.

El apelado alega que bajo la interpretación que hemos dado al artículo 326 o bien el inciso 2, que dispone una copia del acta del juicio, o bien el inciso 4, que dispone una copia de la sentencia, está de más. Esto no es necesariamente así, ya que podría quizás interpretarse que el inciso 2 comprende todos los procedimientos habidos durante el juicio hasta el momento de dictarse, pero no incluyendo, la sentencia. Pero aún asumiendo que los incisos 2 y 4 se traslapen hasta cierto grado, no podemos ver cómo eso nos obliga a injertar en el artículo 326 una disposición que no contiene, al efecto de exigir sentencias escritas en las causas criminales.

Esto es así de conformidad con lo resuelto en California. Al comentar el artículo 1207 del Código Penal de California, del cual se copió el artículo 326, dice 8 Calif. Jur. artículo 482 a las págs. 464-5: "El Código Penal no prescribe requisito alguno en cuanto a qué debe contener la sentencia... Frente a una objeción de que la sentencia es nula, las únicas partes esenciales de ésta son la relación del delito por el cual se condena al acusado, omitiendo de la misma todo lo que comprenden los documentos anteriores, y la sentencia de la corte. La 'sentencia', que comprende el pronunciamiento de la sentencia, de ordinario se dicta verbalmente, y usualmente se hace en lenguaje corriente, y la ley no exige que sea más de eso. Si la sentencia demuestra con suficiente claridad que es el pronunciamiento de la sentencia de la corte de acuerdo con el veredicto rendido, y la pena impuesta por tal sentencia está autorizada por el estatuto bajo el cual se condena al acusado, entonces la sentencia cumple con los requisitos del estatuto." Véanse *Ex parte Bateman*, 271 P. 757 (Calif. 1928); *People* v. *Camp*, 183 P. 845, 850 (Calif. 1919); *People* v. *Fidelity & Deposit Co.*, 290 P. 59, 60 (Calif. 1930); 8 Calif. Jur. sección 490; *Blickle* v. *Higbee*, 178 N. W.

680 (Mich. 1920); *Sloan* v. *Richey*, 143 S. W.2d 119 (Tex. 1940); *Comm'r* v. *Estate of Bedford*, 325 U. S. 283, 286. *Cf. Annotation*, 59 A.L.R. 521

El apelado también arguye que el asiento del 6 de febrero no expresa sentencia alguna, toda vez que la corte dejó la sentencia sin efecto hasta el siguiente lunes, llegado el cual la corte no ratificó ni dictó de nuevo la sentencia. Esta es una contención frívola. Los términos del asiento indican que lo que tuvo en mente la corte fué dejar en suspenso únicamente la ejecución de la sentencia con el fin de darle al apelado una oportunidad de apelar, lo que hizo el 9 de febrero. Por tanto, la sentencia siempre estuvo en vigor después del 9 de febrero.

■ También alega el apelado que la sentencia era nula por no cumplir con el artículo 110 del Código de Enjuiciamiento Criminal, que dispone que "El secretario de la corte de distrito tendrá a su cargo un registro de causas denominado 'Registro de Causas Criminales,' en el cual asentará todas las acciones penales y cualquier procedimiento seguido en ellas . . . " Pero el artículo 110 no puede afectar la validez de la sentencia y de la orden de encarcelación. Estas se rigen por las disposiciones de los artículos 326 y 327 y, como hemos visto, se cumplió con las mismas.

■ Además, el Registro de Causas Criminales contenía el siguiente asiento: "Sentencia—Dictada en 6 de febrero de 1942 (parte dispositiva) Culpable, condenándosele al acusado a la pena de año y medio de cárcel." Por tanto no se infringió el artículo 110. El fin primordial del registro es ofrecer una relación concisa, no *verbatim,* de los procedimientos. Eso se hizo aquí.

Debe concluirse que el pronunciamiento verbal de la corte sentenciando al acusado a año y medio de cárcel, según consta en las minutas del secretario del 6 de febrero de 1942, fué una sentencia válida a tenor con las disposiciones del artículo 326; y la actuación del secretario al expedir copia certificada

de dicho asiento en el libro de actas constituyó cumplimiento del artículo 327.(²) Indudablemente, la mejor práctica es que la sentencia sea formalmente redactada y firmada por el Juez, práctica que recomendamos a las cortes de distrito seguir. Pero la ley no exige que así se haga.(³)

*La sentencia de la corte de distrito será revocada y se dictará una sentencia declarando sin lugar la solicitud de hábeas corpus.*

---

(²) Si bien estas dos cuestiones nunca se han resuelto expresamente por este Tribunal, las opiniones en los casos de *Alvarez* y de *Buitrago* revelan que la práctica (1) de hacer un pronunciamiento verbal de la sentencia y (2) de expedir copia certificada de las actas para la orden de encarcelación, fué allí seguida y no se impugnó por impropia.

(³) El caso de *Ex Parte Germán,* 64 D.P.R. 397, es distinguible. Allí interpretamos una disposición de la ley que expresamente provee que la orden de encarcelación en desacatos criminales debe ser firmada por el juez. El artículo 326 no contiene tal requisito.