JACOBS & WRIGHT et al. v. BRIGHAM et al. (No. 8398.)

(Court of Civil Appeals of Texas. Dallas. Dec. 18, 1920. Rehearing Denied Jan. 29, 1921.)

1. Nuisance ⏂3(4)—Erection of live stock barn restrained when use will constitute a nuisance.

A live stock barn is not a nuisance per se; but, when the act of the parties owning the building is to use it in such a way as will constitute a nuisance, and the nuisance is imminent, the parties seeking relief are entitled to writ of injunction against its erection.

2. Nuisance ⏂32 — Petition for injunction against erection of live stock barn held to state cause of action.

Petition of parties seeking injunction against a live stock barn charging the erection of the building and its use would constitute a nuisance by creating filth, offal, excrement, etc., on the lots, *held* to state a cause of action for injunction.

3. Nuisance ⏂36—Judgment enjoining barn not erroneous for absence of issue and findings.

In suit to enjoin erection of a live stock barn, judgment for plaintiffs *held* not erroneous for absence of any affirmative issue raised by their petition submitted to the jury and absence of findings of the jury in response to such affirmative issue submitted; the jury having in response to questions answered that the barn was not situated in an industrial district, and that it was not reasonably possible to operate it without jeopardizing the health of plaintiffs and their families.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Suit by Mrs. T. Brigham and others against Jacobs & Wright and others. From judgment for plaintiffs, defendants appeal. Affirmed.

Thos. R. Bond, of Temee, for appellants.

H. R. Young and Wynne & Wynne, all of Kaufman, for appellees.

RAINEY, C. J. Appellees brought this suit against appellants to enjoin them from erecting a building to be used for mules, horses, and other live stock, and feed barn on lots, alleging that said building would be used as a mule and horse barn and stable and also as a general feed stable, and, when erected, appellants' headquarters would be at this building for the buying and selling live stock and for stabling all manner of live stock, and for the storing and selling feed; that a large number of horses and mules will be kept, stabled, and fed in this barn; that the building and manner of use to which the barn is to be put and the using of this barn and stable by appellants will create a nuisance to such an extent that it will destroy the rights and benefit to appellees to use their property as their homes and will materially interfere with the enjoyment of their homes and will destroy the value of appellees' property; that the erection of said building and its use as a barn will constitute a nuisance to the health of appellees and their families by causing and creating filth, offal, excrement, and urine on the aforesaid lots and around said barn, will also create vapors, noxious gases, and odors, and flies to an extent as will endanger the health of appellees and their families and will destroy the use of appellees' property, rendering same unfit for occupancy as homes.

Appellants answered by general exception and general denial, as follows:

"First. General exception to appellees' petition because the same was wholly insufficient.

"Second. Appellants specially excepted to all that portion of appellees' petition wherein they prayed for a writ of injunction restraining appellants from proceeding further with the erection of said building and seeking to restrain appellants from proceeding with the use and operation of said building as a mule and live stock barn, because, as shown by appellees' petition, the building did not constitute a nuisance per se, and further because it is not alleged that appellants have actually sustained damage by reason of the erection, construction or proposed operation of said barn. But to the contrary appellees allege that the barn will or may become a nuisance. That appellees allegations are uncertain, speculative, conjectural, and remote to authorize the granting the relief prayed for.

"Third. Appellants denied each and every allegation contained in appellees' petition.

"Fourth. Appellants further answered that they owned certain lots in block No. 4 in the town of Crandall as well as other lots surrounding the same, none of which are suitable for residence purposes, but are only suitable for business purposes. As owners of these lots these appellants have erected a building on two of the lots with the intention of using and occupying said building as a grain and feed store, selling hay and grain to the public, as well as storing such grain and hay as appellants may from time to time purchase for sale or storage. That for a period of about two months in the year, appellants generally buy and sell to the farmers in and around Crandall two or three carloads of mules, consisting of about 60 head of mules bought and sold by appellants, but at no time during said two or

three months would appellants have on hand more than 20 or 30 head of mules for sale. That it is the intention of appellants, in addition to other uses said building will be put to, they would expect to house their mules in said building during the two or three months of the year, so as to protect their stock from the weather until sales could be made, and the remaining portions of each year, for a period of about nine months, there would be no live stock of any kind kept on said premises. That in the prosecution of appellants' business, they will keep their premises free from filth, stench, and other objectional causes to appellees or their property. That the manner of keeping said premises will in no manner constitute a nuisance to appellees or their property.

"That appellees' property is surrounded by gins, railroads, outhouses, business houses, and other trades or avocations such as are usual and customary in a small town like Crandall, and the locality is in no manner suitable for residence property and is in a locality where there are but few residences located. That appellants' business is a public necessity to the agricultural interests of the country surrounding the town of Crandall.

"That appellees' properties are in close proximity to gins, railroads, outhouses, calaboose, and other business houses in Crandall.

"Appellants moved the court to dissolve the temporary writ of injunction and that the permanent injunction be denied, etc. The court overruled appellants' general and special exceptions as urged in their answer.

"This case was tried before a jury, and upon the verdict of the jury, the trial court at the November term, 1919, entered a judgment perpetually enjoining appellants from using their property in block No. 4 in the town of Crandall as a mule or live stock barn and from using their property for housing, inclosing, or keeping of live stock of any kind or character.

"In due time appellants filed their motion for a new trial, which was overruled, and they have prosecuted their appeal to this court."

Appellants' first and second assignments of error are grouped as follows:

"The court erred in overruling appellants' general and special exceptions to appellees' petition as urged in their answer, because it affirmatively appears that each allegation was vague, uncertain, speculative, and conjectural, and no allegations showing that the evils complained of were imminent and sure to follow to that extent where appellees would be entitled to a writ of injunction. We ask the court to consider both assignments together, as they pertain to the same subject."

Under the above assignment appellants submitted the following proposition:

"A live stock barn not being a nuisance per se, it must be alleged that the evils complained of are imminent and sure to follow, apprehensive, eventual, and contingent allegations are not sufficient as will permit equity to interfere."

[1, 2] It is true that a live stock barn is not a nuisance per se, but when the act of the parties owning the building is to use the building in such a way as will constitute a nuisance, as was charged in this case, and such nuisance is imminent, the parties seeking relief are entitled to a writ of injunction and there was no error in the court overruling the demurrer. The petition charged:

"That the erection of said building and its use as a barn will constitute a nuisance to the health of appellees and their families by causing and creating filth, offal, excrement, and urine on the aforesaid lots in and around said barn, will also create vapors, noxious gases and odors, and flies to an extent as will endanger the health of appellees and their families, and will destroy the use of appellees' property, rendering same unfit for occupancy as homes."

The evidence proved all allegations, and it showed that appellants intended to use the barn as charged, and the proof sustained said allegations that the result was imminent if the relief sought was not granted.

[3] Appellants' third assignment of error is:

"The court erred in rendering judgment in favor of appellees, because there was not any affirmative issue, raised by appellees' petition, submitted to the jury, and no findings of the jury in response to any affirmative issue submitted."

The issues submitted to the jury and the answers returned by them were as follows:

"Question No. 1. Is the site on which the defendants' barn is now located within the area in the town of Crandall, set aside to the business industries, or within reasonable proximity thereto? We answer, 'No.'

"Question No. 2. Is it reasonably possible for the defendants to operate and maintain a mule barn on the site where the defendants' barn is now located, in such manner as to prevent a substantial injury to plaintiffs' respective properties, or a material interference with the enjoyment thereof as homes? We answer, 'No.'

"Question No. 3. Can the defendants equip, maintain, and operate a mule barn on the site where the defendants' barn is now located, in such manner as would not jeopardize or seriously threaten the health of plaintiffs or that of their families in the use of their respective properties? We answer, 'No.'"

The first question propounded to the jury asks, in effect, if appellants' barn was situated within the district set aside to business industries of Crandall, or within reasonable proximity thereto, to which they answered, "No."

To the second and third questions they answered that it was not reasonably possible for the appellants to maintain and operate a mule barn on the site where the appellants' barn is now located in such a manner as would not jeopardize or seriously threaten the health of plaintiffs or their families. Or can defendants maintain and operate a mule barn on the site where defendants' barn is now located in such manner as would not

jeopardize or seriously threaten the health of the plaintiffs or that of their families in the use of their respective properties?

These issues were in the mind of the court and were presented in the affirmative, and in our opinion covered the facts as presented by both sides and about which both were contesting. The evidence was conflicting on every proposition, but it sustains the finding of the jury, and we think it was sufficient to sustain the judgment of the court.

The appellants object to the judge's action in refusing to give certain special issues, but we think there were enough given for the jury to understand the points in controversy and that there was no reversible error shown in the record.

Complaint is made of the testimony as given, but in this the opinion of the witnesses was founded on facts which were related, and the complaint is not well founded.

The case was fairly tried, and the equity of the case is with appellees.

The judgment is affirmed.