**KUCHENMEISTER et ux. v. W. J. WILLIAMS, Inc.**

No. 11375.

Court of Civil Appeals of Texas. San Antonio.

May 10, 1933.

Greenwood & Lewis, of Harlingen, for plaintiffs in error.

James H. Anderson, of Mercedes, for defendants in error.

**MURRAY, Justice.**

On a former day of this court we overruled plaintiffs in error's motion to file transcript in the above styled cause. Plaintiffs in error have filed a motion for a rehearing, insisting that we committed error in overruling their motion.

The transcript discloses that the court below rendered judgment on May 23, 1932. Plaintiffs in error filed their petition in error on December 24, 1932, more than six months after rendition of final judgment. Plaintiffs in error contend that final judgment was not entered upon the minutes by the clerk until June 25, 1932, and that the six-month period for filing petitions for writ of error (Rev. St. 1925, art. 2255) should be computed from the time the judgment is actually entered in the minutes by the clerk.

Texas Jurisprudence, Vol. 6, § 181, reads as follows:

"As has been seen, the statute regulating proceedings for review by the Court of Civil Appeals authorizes the suing out of a writ of error within six months after the final judgment is rendered. And it is held in an unbroken line of decisions that the time within which the writ may be sued out begins to run from the day of the rendition of the final judgment in the court below, and not of a subsequent order, such as an order overruling a motion for new trial, or of an order on petition for bill of review filed pursuant to article 2236 of the Revised Statutes of 1925. The term 'final judgment,' as used in the statute refers to the main judgment in the case—the judgment which completely disposes of both parties and subject matter. And the rendition of the judgment within the meaning of the rule is the judicial act by which the court settles and declares the decision of the law upon the matters at issue, and not the entry of judgment by the clerk, or the adjournment of the court.

"The term 'final judgment,' in the provision limiting the time for appeal, is used in the same sense as it is used in the statute relating to writs of error. A motion for new trial, within the meaning of that provision, is any application to the court whereby it is asked to set aside the judgment, whether or not the judgment be based on verdict, or whether

the judgment disposed of the case on its merits."

Numerous authorities are cited in the footnotes supporting the above text.

Plaintiffs in error's motion to set aside our former judgment and for a rehearing are both overruled.