## SÀMUELS GLASS CO. v. MARTIN.

### No. 10718.

Court of Civil Appeals of Texas.
San Antonio.
Aug. 9, 1939.

H. J. Putman and R. C. Van Ness, both of Corpus Christi, for appellant.

O. Kennedy, of Beeville, for appellee.

SMITH, Chief Justice.

This appeal is from an order overruling appellant's plea of privilege, timely filed and heard. The trial judge rendered and pronounced his judgment thereon in .open court on April 28, 1939, whereupon appellant gave timely notice of appeal therefrom, likewise in open court.

The judgment, however, although entered during the same term, was not actually entered in the minutes of the court until May 25th following.

In the meantime, on May 16th, appellant filed his appeal bond in the court below, and the record in this Court, in prosecution of the appeal; that is to say, appellant filed his appeal bond after the judgment was rendered and pronounced from the bench, but before entry thereof in the minutes.

The judgment in question was entered in the minutes of the trial court at the same term at which it was rendered and pronounced, and is included in the transcript filed herein.

Appellee has now filed in this Court his motion to dismiss the appeal, on the stated ground that the appeal bond was prematurely filed below, before the judgment was ripe for appeal, in that it was filed before actual entry in the minutes of the judgment from which the appeal is intended to be prosecuted. Appellee contends, in short, that where an appeal bond is filed in a trial court before recordation of the judgment in the minutes of that court, it is prematurely filed and cannot confer jurisdiction on the appellate court.

We overrule the contention.

Some confusion has arisen in the Courts of Civil Appeals of the State concerning the question raised in this appeal. The confusion has occurred, apparently, because of a failure to distinguish appeals based on judgments entered nunc pro tunc, from those based on judgments entered at the same term at which they were pronounced from the bench, and, perhaps, from those based on appeals from orders overruling motions for new trial, which are not involved here. The distinction is. definite and material. Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717.

■ The uniform rule is that in cases of judgments entered nunc pro tunc at a subsequent term of court the right of appeal does not accrue to the complaining party until the judgment is actually entered in the minutes of the court. Peurifoy v. Wiebusch, 125 Tex. 207, 82 S.W.2d 624; Cleburne Nat. Bank v. Bowers, supra.

■ On the other hand, the general rule in cases where judgment is entered at the term at which it is pronounced, is that the right of appeal dates from the pronouncement of judgment in open court. Cleburne Nat. Bank v. Bowers, Tex.Civ. App., 113 S.W.2d 578. In that case the decision was upon certified question. The certificate showed, simply, that the judgment appealed from was rendered on April 27th, but was not recorded until May 3rd or May 4th, after the appeal bond had been filed on April 30th, which is precisely the case made here. The Waco Court of

Civil Appeals held that the bond was not prematurely filed, and overruled a motion to dismiss on the ground of premature filing. That court withheld its final decision and certified the following question to the Supreme Court: "Did we err in holding that the notice of appeal was not prematurely given nor the appeal bond prematurely filed and that this court acquired jurisdiction of the cause?"

The Supreme Court, through the Commission of Appeals, answered the question "in the negative." That course made that case precisely the case made here. It is true the Commission of Appeals, in discussing the case certified, found from the record the additional fact, not disclosed in the certificate as quoted in the opinion of Judge German, that the draft of the judgment entered was prepared and signed by the trial judge on the day of pronouncement. In the opinion leading to the negative answer to the certified question Judge German stated that "we hold in this case that the judgment was final when pronounced in open court, reduced to writing, and signed by the presiding judge." But as the certificate did not include the fact that the form of judgment was reduced to writing and signed by the trial judge on the day of rendition, we must assume that that additional fact was not material to the negative answer to the specific question submitted in a certificate from which such fact was omitted. We regard the case as in point here, and upon its authority hold that in this case the appeal bond was timely and not prematurely filed.

Our conclusion, that the appeal bond was not prematurely filed in this case, is further fortified by the action of the Supreme Court in Cleburne Nat. Bank v. Bowers, supra, in expressly disapproving a contrary holding by this Court in Earnest v. Couch, Tex.Civ.App., 66 S.W.2d 483. The latter decision was on motions for affirmance on certificate, and for leave to file transcript, in which it was held that the appeal bond, although filed after pronouncement of judgment, was not filed until after entry of the judgment (at the term at which it was pronounced), and was therefore prematurely filed and did not confer jurisdiction on this Court, and that the time for filing transcript in this Court was computable from the time of actual entry, and not from pronouncement, of judgment. The facts recited in our opinion in that case were identical with the facts presented in this case, and the express disapproval, by the Supreme Court, of the decision of the controlling and sole question in that case, can have no other meaning than that expressed herein.

 The holding of the Supreme Court, in Cleburne Nat. Bank v. Bowers, supra, disapproval therein of Earnest v. Couch, supra, to the effect that when a judgment pronounced by the trial judge in open court is afterwards and at the same term entered in the minutes in conformity to the pronounced decision, the filing of a proper appeal bond after the pronouncement is effectual to confer jurisdiction upon the appellate court, even though the pronounced judgment is not actually entered in the minutes until a later day in the term. We bow to that holding, not only because it is the law by virtue of the declaration of our highest court, but also because a majority of this Court feel it is a just and proper construction of our statutes prescribing procedure for the exercise of the right of appeal, which ought to be always liberally construed in favor of that right.

The motion to dismiss will be overruled.