## SLOAN v. RICHEY.

### No. 10924.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 15, 1940.

Rehearing Denied Sept. 18, 1940.

O. Shelley Evans and Walter C. Wolff, both of San Antonio, for appellant.

Arnold & Cozby and Clarence R. Boatwright, all of San Antonio, for appellee.

SMITH, Chief Justice.

This cause was tried under the so-called Civil Practice Act regulating practice and procedure in the district courts of counties embracing the larger cities of the state. Art. 2092, Vernon's Civil Statutes. This appeal turns upon the consideration of the provisions of that article for perfecting appeals, as follows: "31. Appeal Bonds Filed, When. In appeals from such civil Districts Courts the appeal bond shall be filed within thirty (30) days after the judgment or order appealed from is rendered, * * *." Acts 1939, 46th Leg. p. 205, section 1.

The cause was tried to the court without the intervention of a jury, and judgment was rendered against appellant on April 9, 1940. No motion for new trial was filed in the case.

The judgment contained recitals that "On the 26th day of March, 1940, came on to be heard the above styled and numbered cause, in its regular order upon the docket"; that after hearing the case "the court accordingly finds judgment as herein set forth, on this the 9th day of April, 1940. It is therefore ordered, adjudged and decreed by the court on this the 9th day of April, 1940, that the plaintiff take nothing" etc., "to all of which plaintiff Hugh G.

Sloan, then and there" excepted and gave notice of appeal. The judgment bears the endorsement "Recorded on this the 17th day of April, A. D. 1940 in Vol. 42, pp. 625-6."

Summarized, the record shows that the trial was begun on March 26, and that judgment was arrived at and rendered, and notice of appeal was given, on April 9, but was not recorded or entered in the minutes of the court until April 17.

Appellant did not file his appeal bond (executed on April, 30) until May 15, which was more than thirty days after judgment was rendered, but within thirty days after judgment was entered in the minutes.

■ Appellee has presented his motion to dismiss the appeal on the ground that appellant's appeal bond, although filed within thirty days from entry of the judgment, was not filed within the time prescribed by the statute, to-wit: "within thirty days after the judgment or order appealed from is rendered." Thus the sole question of law is squarely presented for decision. Under a policy of the law uniformly observed by this court, the statute will be construed and the facts applied most liberally in favor of the right of appeal.

■ The rendition of a judgment and its entry in the minutes of the court rendering it constitute two separate and distinct acts and steps in the determination of the rights and remedies of the parties. In the language of Justice Phillips in Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, 1041:

"Its rendition is the judicial act by which the court settles and declares the decision of the law upon the matters at issue. Its entry is the ministerial act by which an enduring evidence of the judicial act is afforded.

"The failure of the minute entry to correctly or fully recite what the court judicially determined does not annul the act of the court, which remains the judgment of the court notwithstanding its imperfect record."

The distinction between rendition of judgment and entry of judgment is thus elaborated upon in 15 R.C.L. p. 571, § 85: "Although it has been said on high authority that a judgment is a solemn record, the entry or record of the judgment should not be confused with the judgment itself. The judgment is a judicial act of the court; the entry is the ministerial act of the clerk.

The judgment is as final and complete when pronounced by the Court as when it is entered and recorded by the clerk. Although such entry may be necessary to give full force to the judgment as affecting the rights of third parties, the entry or recording of a judgment is not essential as between the parties themselves. A judgment therefore is considered as having been rendered when the court has pronounced a decree which finally determines the rights of the parties and nothing remains to be done but for the clerk to record the entry of the judgment. The judgment itself is not what may be entered, but is that which is considered and delivered by the Court. Even if the judgment may be proven only by the record, yet it derives its force, not from its entry on the record, but from its rendition by the court."

■ It has been definitely decided that the right to file an appeal bond accrues with the rendition, without regard to the act of entry, of judgment—that an appeal bond filed before entry, but after rendition, is timely and not prematurely filed. Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Id., Tex.Civ.App., 113 S.W.2d 578; Sigler v. Realty Bond & Mortgage Co., Tex.Com.App., 138 S.W.2d 537; Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445; Samuels Glass Co. v. Martin, Tex.Civ.App., 131 S. W.2d 325.

■ There is this exception to the stated rule, that if the judgment is not entered in the minutes at the term at which it is rendered, but is entered nunc pro tunc at a subsequent term, then the appeal bond, to be effective to support appeal, must be filed after such entry; if filed before, it is functus officio. Samuels Glass Co. v. Martin, Tex.Civ.App., 131 S.W.2d 325, and authorities there cited.

The question is, Can the provision in sec. 31 of Art. 2092, that the appeal bond "shall be filed within thirty (30) days after the judgment or order appealed from is rendered," be construed by the courts to mean that the bond may be filed at any time within thirty days after entry of judgment, without regard to the time of rendition? Obviously, to accomplish that construction the courts must substitute the words "entered (in the minutes)" for the word "rendered".

■ It is settled that sec. 31, the provision in question, is mandatory. National

Consol. Bond Corp. v. Burks, Tex.Civ.App., 114 S.W.2d 280, and authorities there cited.

■ The specific question presented here does not appear to have been decided by any of our appellate courts. But similar provisions of other statutes prescribing the time for perfecting appeal or writ of error have been numerously construed by our courts, and by this analogy the uniform rule seems to be that the time for taking this step must be computed from the day of the pronouncement, or rendition, of judgment, and not from the day of its entry of record.

For example, it is provided in Art. 3699, R.S.1925, that in an appeal from an order or judgment in probate the bond must be filed "within fifteen days after such decision, order, judgment or decree shall have been rendered." It is held that the time for filing the bond under that provision must be computed from the date of rendition, and not from a later date of entry. Davis v. Moore, Tex.Civ.App., 131 S.W.2d 798, and authorities there cited. No difference is perceivable between that provision and the one under consideration in this case.

Much broader is the provision in Art. 1742, R.S.1925, that petitions for writ of error to the Supreme Court "shall be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for rehearing." It is held by our Supreme Court that the time for filing the petition must be computed from the date the motion for rehearing is overruled rather than from a later date of entry of the order. Long v. Martin, 112 Tex. 365, 247 S.W. 827.

The language of the statute prescribing the time for suing out writs of error in trial courts is apparently identical, in effect, with the provision here involved. In that case it is provided that "the writ of error * * * may be sued out at any time within six months after the final judgment is rendered." Art. 2255, R.S.1925. The provision under consideration is, "within thirty (30) days after the judgment * * * is rendered." Art. 2092 sec. 31. Under the writ of error statute it is uniformly held that the time for suing out the writ must be computed from the day the judgment is pronounced, and not from a later day on which the judgment is entered. 3 Tex.Jur. § 181; Kittrell v. Fuller, Tex.Civ.App., 281 S.W. 575; Kuchenmeister v. W. J. Williams, Inc., Tex.Civ.

App., 60 S.W.2d 279; C. S. Hamilton Motor Co. v. Muckleroy, Tex.Civ.App., 46 S.W.2d 452; Brinkley v. State, Tex.Civ. App., 49 S.W.2d 516.

■ So has it been held in aid of the right of appeal, under Art. 2255, that in the absence of a showing of the date of rendition, the courts will presume the judgment was entered on a date which upholds, rather than defeats, appeal. C. S. Hamilton Motor Co. v. Muckleroy, Tex.Civ.App., 46 S.W.2d 451. And so has it been held, with a like laudable object, that in the absence of a showing to the contrary appellate courts will presume that a judgment was rendered on the recited date of entry. National Consol. Bond Corp. v. Burks, Tex.Civ.App., 114 S.W.2d 280. These presumptions, however, are of no avail here, for the positive and reiterated recitals in the judgment show that it was arrived at, pronounced and rendered, and notice of appeal given on April 9, whereas, it appears with equal proof that the judgment was actually entered on April 17. The appeal bond was not filed until May 15, although executed on April 30.

■ Under the authorities cited, which we deem too clearly analogous to this case to be disregarded in this decision, we hold that the appeal bond was filed too late to give this court jurisdiction because not filed "within thirty days after the judgment appealed from (was) rendered."

It is true that in many cases it has been stated, generally, that the time for filing appeal bond must be computed from the day of entry, rather than rendition of judgment, and that an appeal bond is prematurely filed and functus officio if filed before entry of judgment. But the broad conclusion is found consistently to be based upon decisions in appeal from judgments which had been entered nunc pro tunc. That is the rule in such cases, but it is not the rule in cases where judgments have been entered at the term at which rendered. The distinction is drawn and the reasons for the different rules stated in Samuels Glass Co. v. Martin, Tex.Civ.App., 131 S. W.2d 325.

■ There cannot be two fixed dates from which time for filing appeal bonds may be computed, since the procedure is regulated by statute which prescribes only one such date, to-wit: the date the judgment appealed from is ."rendered." It is not for the courts to inquire into the rea-

sons prompting the Legislature to fix upon that date or to argue that the date of entry might be more just and practical than that of rendition. It might be argued that since the party desiring to appeal ought to be informed and know the specific terms and provisions of the judgment, first, to be sure he is aggrieved thereby, and, second, to be able to describe the decree in his appeal bond as required of him by statute, it is only fair that he should not be required to file bond until after entry of judgment. On the other hand, the date of rendition may be the more just and practicable, as so forcefully argued by Justice Alexander in Cleburne Nat. Bank v. Bowers, Tex. Civ.App., 113 S.W.2d 578. But these are problems for the Legislature, which settled them in fixing the period of reckoning at thirty days from the "rendition" of the judgment.

Appellant has filed a motion for leave to amend the record to show that judgment was actually rendered on April 16. But the allegations in said motion, and in appellant's reply to appellee's motion to dismiss, show conclusively that the judgment was actually rendered on April 9, as repeatedly recited in the judgment itself. Therefore, to grant appellant's motion would be futile, and it is overruled.

Appellee's motion to dismiss the appeal will be granted; appellant's motion to amend the record will be overruled.

It is so ordered.