### BOREN et al. v. CERF'S TRUST ESTATE et al.

### No. 2384.

Court of Civil Appeals of Texas. Waco.

Dec. 5, 1940.

E. P. Bryan, H. R. Bishop, and Ross M. Scott, all of Dallas, for appellant.

Thompson, Knight, Harris, Wright & Weisberg and Sol Goodell, all of Dallas, and J. P. Moseley, of Ennis, for appellees.

ALEXANDER, Justice.

This is an application to dismiss the appeal on the ground that the record was not filed in this court within the time provided by law. The order overruling motion for new trial is dated August 7, 1940, but was not entered in the Minutes until August 12, 1940. Affidavits filed in connection with the contest here under consideration make it clear that the judgment overruling motion for new trial was actually pronounced on August 7, 1940, but the order evidencing same was not signed until sometime thereafter and was not filed with the clerk until August 12th. No motion has been filed requesting additional time in which to file the record in this court. Revised Statutes, art. 1839, Vernon's Ann.Civ.St. art. 1839, reads, in part, as follows: "In appeal or writ of error the appellant or plaintiff in error shall file the transcript and statement of facts with the Clerk of the Court of Civil Appeals within sixty (60) days from the final judgment or order overruling motion for new trial, or service of the writ of error; * * *." The record was not filed in this court until October 8, 1940. It is apparent that if the 60-day period provided for in the above article for the filing of the transcript in this court begins to run from August 12, 1940, the record was filed in time; but if it runs from August 7th, it was filed too late.

It is appellant's contention that the order overruling motion for new trial never became effective, so as to start the running of the period for the prosecution of the appeal and filing of the transcript, until said order had been entered in the Minutes. In the case of Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040, Chief Jus-

tice Phillips called attention to the distinction between the rendition of a judgment and its entry in the Minutes of the court, and held that the judgment became effective when it was rendered or pronounced in open court, regardless of the date of the recording thereof in the Minutes of the court. See also 15 R.C.L. 571. In the case of Long v. Martin, 112 Tex. 365, 247 S.W. 827, the Supreme Court had under consideration the language of Revised Statutes, art. 1742, wherein it was provided that a petition for writ of error to the Supreme Court "shall be filed with the clerk of the Court of Civil Appeals within thirty days from the overruling of the motion for rehearing." It was there held that the time for filing the petition began to run from the date of the pronouncement of the judgment overruling the motion for rehearing and not from the time the order evidencing the same was entered in the Minutes. In the case of Sloan v. Richey, Tex.Civ.App., 143 S.W.2d 119, the San Antonio court had under consideration the provisions of Revised Statutes, art. 2092, sec. 31, wherein it was provided: "In appeals from such civil district courts the appeal bond shall be filed within thirty days after the judgment or order appealed from is rendered * * *." See Acts 1939, 46th Leg. p. 205, sec. 1, Vernon's Ann.Civ.St. art. 2092. Chief Justice Smith in that case held that the time for filing the appeal bond began when the judgment was pronounced and not from the date when the same was entered in the Minutes. Application for a writ of error to the Supreme Court in the case was dismissed for want of jurisdiction to correct judgment. See also Samuels Glass Co. v. Martin, Tex.Civ.App., 131 S.W.2d 325; Cleburne National Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Id., Tex.Civ. App., 113 S.W.2d 578; Hunter v. Moore, 122 Tex. 583, 62 S.W.2d 97, par. 3.

Revised Statutes, art. 2253, Vernon's Ann.Civ.St. art. 2253, provides, in part, as follows: "An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellant giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record; * * *." Counsel for appellant quotes that part of the above article reading as follows: "* * * which

shall be noted on the docket and entered of record" and contends that the time for prosecuting the appeal and filing of the transcript does not begin to run until order overruling motion for new trial is "noted on the docket and entered of record." In our opinion, the quoted language refers to the notice of appeal and not to the order overruling motion for new trial. In other words, it is the notice of appeal that is directed to be "noted on the docket and entered of record." See 3 Tex.Jur. 287; Western Union Telegraph Co. v. O'Keefe, 87 Tex. 423, 28 S.W. 945.

We are of the opinion that the time for filing the transcript began to run on August 7th, when the trial court pronounced its judgment overruling motion for new trial, and as a consequence the transcript was filed too late. The motion to dismiss appeal is sustained and the appeal is dismissed at appellant's costs.