## O'DANIEL v. LIBAL et al.

No. 2686.

Court of Civil Appeals of Texas. Waco.
July 11, 1946.

Rehearing Denied Sept. 5, 1946.

J. S. Simkins and Norris W. Lovett, both of Corsicana, for appellant.

Pevehouse & McCall, of Corsicana, for appellee.

LESTER, Chief Justice.

This suit was brought by appellee, seeking a permanent injunction against appellant to restrain him from operating an auction sales barn near the corporate limits of the city of Corsicana, Texas, which he was using to store and sell livestock at public auction. Appellees also prayed for a temporary injunction restraining appellant from using said barn to store or sell livestock. The court, after a hearing, granted a temporary injunction and the appellant has appealed.

The testimony showed that appellant had almost completed a large auction barn approximately 86 feet wide and 224 feet long; that it has open sides and a dirt floor; that same contains from 50 to 70 stalls which are 20 by 20 and suited to handle cows, calves, horses, sheep, hogs, etc. This barn is constructed on appellant's land at West 7th Avenue and 34th Street, which adjoins the corporate limits of the city of Corsicana and is in close proximity to several houses in which approximately 125 people reside. This section had previously been used exclusively for residential purposes up to the time appellant began the erection of this barn.

Appellant's first proposition is: "The auction barn in question not being a nuisance per se, and the evidence tendered upon a hearing of said cause being either so doubtful and uncertain, or so clearly shown to be prompted and based upon prejudice that it could not be considered as evidence, the trial court was in error in granting said injunctive relief."

■ A mere prospect of future annoyance or injury from a structure or instrumentality which is not a nuisance per se is not ground for an injunction, and equity will not interfere where the apprehended injury or annoyance is doubtful, uncertain or contingent. City of Amarillo v. Stapf, Tex.Civ.App., 109 S.W.2d 258, 259; Huff v. Letsinger, Tex.Civ.App., 7 S.W.2d 181, 183. However, this is not the rule when the act of the party owning or operating the instrumentality is using it at the time or will use it in such a way as to constitute a nuisance, and the nuisance is imminent, by creating filth and offal on the premises involved, thereby creating obnoxious odors, flies and unusual loud noise from lowing cattle and squealing pigs, which presently existed to some extent in this case as found by the court.

Concerning the sufficiency of the evidence as to the certainty of the injury or annoyance sustained by appellees, we quote from the testimony of appellant that the barn is 86 x 224 feet; it will have 50 to 70 stalls, each 20 by 20; that the capacity of said barn will be 500 head of livestock; that sales are conducted on Saturday of each week; that stock are brought to the barn beginning on Monday and continuing up to Saturday morning and some are kept there for two or three days after the sale for the reason that the owners are unable to take them away immediately. When appellant was asked: "Did they make any noise?" (referring to the livestock), he answered: "Why sure, any stock will make noise—bellow." He was further asked: "Any way you think you can stop them from annoying the neighbors, keeping them awake at night?" He answered: "No." He also testified that he intended to operate this barn in the same manner as to sanitary conditions as the barn he had operated recently on the east side; that at the barn on the east side he had handled as high as 600 head of livestock in one sales day; that his purpose was to build his business up at this barn to a 500 capacity each week; that he had held two sales at the new barn up to the time of this hearing; at the first one he had handled 30 head of stock and at the second 81 head. Several of the appellees and some of the members of their families testified that the cattle bellowed and the pigs squealed all the time and that such noise materially disturbed them in that it interfered with their sleep, and that it was natural for cows to bellow and "carry on" when they were put in with strange cattle. Appellant, as above stated, testified that he intended to operate this barn in the same manner as to sanitary measures that he had operated the one on the east side. Several witnesses testified that they lived near the east side barn while appellant operated it; that the flies were terrible, the odors disagreeable and the noise kept them awake at night and same interfered with their enjoyment of their homes. There is testimony of appellees that they visited the barn on the east side shortly after appellant moved out and that the stench was awful. Appellees also introduced a real estate agent as a witness, who testified without contradiction that if this barn continued to operate that it would result in a reduction of the market value of appellees' property from twenty to fifty per cent.

■ The court is a trier of facts, and appellees having introduced sufficient evidence, if believed by the court, to establish that they had suffered injury and annoyance, and in all probability such injury and annoyance would increase in the future, the court had the power to enjoin a continuance thereof. Jacobs & Wright v. Brigham, Tex.Civ.App., 227 S.W. 249; Lewis v. Berney, Tex.Civ.App., 230 S.W. 246 (error ref.); Moore et al. v. Coleman, Tex.Civ. App., 185 S.W. 936; Elliott v. Ferguson, 37 Tex.Civ.App. 40, 83 S.W. 56.

Appellant's second proposition is: "The judgment entered by the trial court upon the conclusion of the evidence being void and wholly insufficient upon which to predicate the issuance of any injunctive or-

der, in that said judgment sets forth no reasons for the issuance of a temporary injunction, nor specify any terms or conditions upon which a writ of injunction should issue, nor describe in reasonable details the acts to be enjoined, all as required by Rule 683 of Rules of Practice and Procedure in Civil Actions, as promulgated by the Supreme Court of Texas, and in effect at the time of the trial of this cause, it must therefore follow that said cause must be reversed and dismissed at the cost of appellees."

Appellees prayed that appellant be temporarily enjoined from using said barn to store and sell livestock. Upon the conclusion of the testimony and argument of counsel on May 3rd the judge, from the bench and in open court, stated that "he was of the opinion and so found that from the method and manner of the operation of defendant's said barn, it was and is a nuisance, and would constitute a nuisance in the future, in that he found under the evidence that said auction barn was located in a thickly populated residential district, just outside of the corporate limits of the city of Corsicana; that in carrying on said auction sales at said auction barn in the past and in the future, the residents of said community were and would be subjected to loud noises, the lowing of cattle, the chant of the auctioneer, etc.; that the presence of livestock in large numbers created filth, which in turn propagated flies and disagreeable odors; that plaintiffs' homesteads would be decreased in market value; that the large assemblage of trucks and trailers in the vicinity increased the danger to the children of the community; that such were the necessary concomitants of an auction sale of livestock and that therefore the operation of said livestock auction barn as hereinafter stated by the defendant, at its present location, should be enjoined." But his order was not reduced to writing or signed by him until May 7th, and was not entered in the minutes of the court until June 24th. On May 4th appellant perfected his appeal by filing his supersedeas bond, and on May 7th appellees' attorney prepared and the court signed the following order:

"On this, the 3rd day of May, 1946, at a regular term of this Court, came on to be heard plaintiffs' application for a temporary injunction in this cause, and both plaintiffs and defendant appeared in person and by their attorneys, and the matters in controversy, as well of fact as of law, were submitted to the Court, and the Court having heard the pleadings, the evidence and arguments of counsel, is of the opinion that defendant should be enjoined from operating a stock auction barn in the vicinity of West Seventh Avenue and Thirty-fourth Street in the City of Corsicana, Texas, pending the determination of this cause.

"It is therefore ordered that the clerk of the District Court of Navarro County, Texas, issue a Writ of Injunction in all things as prayed for in plaintiffs' petition, upon plaintiffs' execution to defendant a bond, with two or more good and sufficient sureties, in the sum of Five Hundred Dollars, conditioned as the law requires. Entered 5-7-46 at 11 A.M."

"A. P. Mays,
"Judge of the District Court of Navarro County, Texas."

The foregoing order does not set out the reason of the court for granting the injunction, nor does it say in actual and specific words that the appellant is enjoined from using said barn to store and sell livestock as set out in appellees' prayer for the relief sought. The purpose of the rule above referred to is to inform a party just what he is enjoined from doing and the reasons why he is so enjoined. Appellees' application for temporary injunction was set down for hearing and appellant filed his answer, and both parties introduced several witnesses, some twenty witnesses testifying at the hearing, and the main and sole inquiry was whether or not the storing and sale of livestock at this barn had or would result in a nuisance. Appellant was familiar with the prayer of appellees' petition. He heard the statement of the court when he pronounced his judgment. The issue was clear and simple and there can be no doubt but what appellant knew what he was enjoined from doing and the rea--

sons why. But if we are in error in this respect, we are of the opinion that the court corrected such error, if any, when after proper notice and hearing, he entered the following order:

"Be it remembered that on this, the 22nd day of June, A.D. 1946, came on before the Court for consideration plaintiff's motion, filed in this Court on the 22nd day of June, A.D. 1946, and the answer of the defendant thereto; and because it appears to the Court that the judgment of this Court filed in this cause on May 7, 1946, does not therein correctly refer to nor show the pronouncement of the Court in deciding the case as aforesaid, on the 3rd day of May, A. D. 1946:

"It is the order of this Court that the following judgment be entered in lieu of and in substitution therefor, to-wit:

"On this, the 3rd day of May, A. D. 1946, at a regular term of this Court, came on to be heard plaintiff's application for temporary injunction in this cause, both plaintiffs and defendants appeared in person and by their attorneys, and the matters in controversy, of fact and of law, were submitted to the court, and the court having heard the pleadings read, the evidence adduced and the argument of counsel, stated in open court that he was of the opinion and so found that from the method and manner of the operation of defendant's said barn, it was and is a nuisance, and would constitute a nuisance in the future, in that he found under the evidence that said auction barn was located in a thickly populated residential district, just outside of the corporate limits of the City of Corsicana; that in carrying on said auction sales at said auction barn in the past and in the future, the residents of said community were and would be subjected to loud noises, the lowing of cattle, the chant of the auctioneer, etc.; that the presence of livestock in large numbers created filth, which in turn propagated flies and disagreeable odors; that plaintiffs' homesteads would be decreased in market value; that the large assemblage of trucks and trailers in the vicinity increased the danger to the children of the community; that such were the necessary concomitants of an auction sale of livestock and that therefore the operation of said livestock auction barn as hereinafter stated by the defendant, at its present location should be enjoined.

"It is therefore ordered, adjudged and decreed by the Court that the Clerk of the District Court of Navarro County, Texas, issue a writ of injunction directing the defendant, E. W. (Pete) O'Daniel, to desist and refrain from operating and using said auction barn for the purpose of auctioning livestock and holding auction sales and from using said barn to store and sell livestock at its present location, to-wit, in the vicinity of West Avenue and 34th Street just outside of the city limits of the City of Corsicana in Navarro County, Texas. That said writ of injunction should issue upon the plaintiff's executing to defendant a bond with two or more good and sufficient sureties, in the sum of Five Hundred ($500.00) Dollars, conditioned as required by law. That this judgment shall be substituted for and shall in all respects supersede the judgment of this Court entered on May 7th, 1946.

"A. P. Mays
District Judge, 13th Judicial District of Texas, at Corsicana."

The court has the inherent power, during the term at which its judgment is pronounced and rendered and even after appeal is perfected, to have its records speak the truth by entering of record the judgment that was actually pronounced and rendered in open court. See 34 C.J., p. 235, where it is stated: "If anything has been omitted from the judgment which is necessarily or properly a part of it, and which was intended and understood to be a part of it, but failed to be incorporated in it through the negligence or inadvertence of the court or counsel, or the clerk, the omission may be supplied by an amendment even after the term." See also: Sloan v. Richey, Tex.Civ.App., 143 S.W.2d 119; Cleburne Nat. Bank v. Bowers, 130 Tex. 637, 112 S.W.2d 717; Sigler v. Realty Bond & Mtg. Co., 135 Tex.76, 138 S.W.

2d 537; Richards v. United States Cold Storage Co., 131 Tex. 148, 112 S.W.2d 445; Samuels Glass Co. v. Martin, Tex.Civ.App., 131 S.W.2d 325; Partridge v. Wooton, 63 Tex.Civ.App. 280, 137 S.W. 412; Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040; Smith v. Moore, Tex.Civ.App., 212 S.W. 988. The district court being a court of record, the court's order would have to be reduced to writing and entered of record during the term at which it was rendered or appellant's supersedeas bond filed on May 4th would not support an appeal, because if no judgment was entered of record there would be nothing to appeal from.

■ Appellant, in his brief and argument before this court, says that the second order entered by the court gives appellees more relief than they prayed for, in that the court not only restrained appellant from using said barn to store and sell livestock, but it went further and restrained him from holding auction sales at said barn. It is true appellees only asked that appellant be enjoined from using said barn to store and sell livestock, so in that respect the trial court's judgment will be reformed so as to grant only the relief prayed for by appellees, and as reformed, the judgment is affirmed.