### PATTON v. CARTER et al.
#### No. 4398.

Court of Civil Appeals of Texas. Beaumont.
Oct. 10, 1946.

Rehearing Denied Oct. 30, 1946.

H. L. Edwards and J. J. Greve, both of Nacogdoches, for appellant.

McAlister & Tucker, of Nacogdoches, for appellees.

MURRAY, Justice.

R. A. Carter, R. H. Matlock, and J. W. Satterwhite brought suit against Douglass Patton in the district court of Nacogdoches County, seeking to enjoin him from erecting, maintaining, and operating an auction barn and stock pens adjacent to their homes near Nacogdoches. They alleged in substance that Mr. Patton proposed to erect near their homes an auction barn and thereafter to maintain and operate it as such, and that the consequent odors, noises, and commotion therefrom would disturb the comfort and enjoyment of their homes and premises and would

greatly depreciate the value of their premises. The case was tried to a jury and upon a verdict favorable to the applicants for injunctive relief, the court rendered judgment for them, permanently enjoining Patton from constructing, operating and maintaining an auction barn, stock pens, cow lots and hog pens on his premises. From such judgment Patton has perfected his appeal to this court.

■ By his first point the appellant says the evidence was insufficient to show that the proposed auction barn and pens when built would be a nuisance and the trial court therefore erred in overruling his motion for instructed verdict. Appellant argues that the evidence produced by appellees did not show that the proposed barn would of a certainty be a nuisance, but merely showed that appellees feared that it might become such. The appellant himself was first called to the witness stand by appellees, and he testified that he was preparing to build an auction barn and stock pens and operate them as a place for weekly sales by auction of livestock; that such stock would be brought there in large numbers; that he would sell cattle, hogs, sheep, goats, horses and mules; that the animals, or some of them, would be on the premises two or three days of each week; that there would be droppings, odors, noises, flies and insects present, and also noises of the crowds of people attending the sales and moving the stock; all the appellees testified that their homes were nearby, and that the proposed operation of his auction barn, as described by appellant, would disturb the normal sensibilities of people in those homes. We think the evidence was sufficient to warrant submission of the case to the jury. It is well settled that a threatened nuisance will be enjoined. Jacobs & Wright v. Brigham, Tex.Civ.App., 227 S.W. 249; Landwer v. Fuller, Tex.Civ.App., 187 S.W.2d 670.

■ By his second point, appellant says the trial court erred in permitting the appellees as witnesses to testify that the operation of the auction barn "would materially interfere with persons of normal sensibilities situated as the appellees, etc." After Mr. Patton had testified that certain things would occur in the operation of the proposed auction barn, each witness was asked whether such things would disturb people of normal sensibilities in the enjoyment and comfort of their homes and they testified that in their opinion such things would have that result. We do not believe the matters inquired about were such as to require qualification of a witness as an expert before he could give his opinion thereon. We are not aware of the existence of any trade or learned profession, the members of which have become so erudite that they are better qualified than any ordinary layman to testify whether noises, odors and flies ordinarily emanating from several hundred head of penned up stock would disturb people in the enjoyment of their homes a few hundred yards away, more especially since they were people who had observed such matters previously. Certainly the people occupying those homes were properly permitted to testify to their opinions on such a subject.

■ By this third point, appellant complains of the one issue submitted to the jury by the court. The issue complained of is almost identically the same as the appellant requested the court to submit by his special issue B. After requesting the court to submit the issue, he will not be heard to complain of the issue when the court submits it in the charge. Hardy v. DeLeon, 5 Tex. 211; Gulf C. & S. F. R. Co. v. Williams, Tex.Civ.App., 290 S.W. 846; Southern Underwriters v. Beardmore, Tex.Civ.App., 95 S.W.2d 207; Lehman v. Howard, Tex.Civ.App., 133 S.W.2d 800; American Mutual Liability Ins. Co. v. Thomas, Tex.Civ.App., 35 S.W.2d 232; Southwestern Telegraph & Telephone Co. v. French, Tex.Civ.App., 245 S.W. 997; Browning v. Graves, Tex.Civ.App., 152 S.W.2d 515.

■ Appellant's fourth, fifth and sixth points complain of the trial court's refusal to submit his requested special issues Nos. "A", "C" and "D". These requested issues would have inquired of the jury whether Patton could operate his proposed auction barn in such manner as to prevent: (a) any material injury to ap-

pellees' health; (d) any substantial material interference with their enjoyment of their respective homes; and (c) any unreasonable noises and odors that would materially interfere with thcm and their families in the use and enjoyment of their respective homes. The evidence did not require the court to submit to the jury these issues involving what the appellant was able to do in the way of preventing inconvenience and harm to appellees on their property. He had testified as to what would happen if he operated his auction barn there. The appellant requested the court to submit and the court did submit, to the jury special issue No. 1, which inquired whether the construction, operation and maintenance of the auction barn and stock pens would materially impair the peace and comfort of persons of normal sensibilities, situated as were the appellees in their homes. To this issue the jury answered "yes". In this situation, the findings sought by appellant in his three requested issues become immaterial to the determination of the controversy.

In point No. 7, appellant says "the court erred in rendering judgment based on the verdict of the jury; the verdict of the jury is not sufficient to support the court's judgment." In his brief on this point, appellant attacks the sufficiency of the evidence. This question we have decided adversely to his contention in discussing his first point.

■ By his 8th point, appellant assigns error to the portion of the judgment which enjoined not only the operation and maintenance of an auction barn and stock pens, but also enjoined the building of the barn and stock pens. It is a rule of law, as contended by appellant, that ordinarily the erection of a building not a nuisance per se, will not be enjoined, if such building can be used in such a manner as not to constitute a nuisance. The evidence and the finding of the jury in this case, however, establishes as a fact that the proposed auction barn and stock pens will be a nuisance as operated in the manner appellant testified he intended to follow in operating it. That being the case, appellant is not harmed by being enjoined from erecting an auction barn and stock pens which he is enjoined from operating and maintaining as such.

The judgment is affirmed.