H. T. REDDEN, Appellant,

v.

Mrs. Gert HICKEY et al., Appellees.

No. 3614.

Court of Civil Appeals of Texas.

Waco.

Sept. 10, 1959.

Rehearing Denied Oct. 6, 1959.

See also 308 S.W.2d 225.

 

J. S. Simkins, Corsicana, for appellant.

Roe, Ralston & McWilliams, Dawson & Dawson, Corsicana, for appellees.

WILSON, Justice.

Appellant filed objections under Rule 771, Texas Rules of Civil Procedure, to the report of commissioners in partition proceedings, on the grounds the partition was unequal and unjust. He appeals from an adverse judgment sustaining the report based on a jury verdict.

Appellant says there was no basis in pleading or evidence authorizing submission of special issues relating to estoppel. Appellees' pleading, to which no exception was presented, alleged that all parties made an agreement that commissioners appointed by the court should divide the land involved into four equal shares to be drawn by lot; that pursuant to the agreement, the division was made, the parties having agreed the values of the four shares were equal, and appellant having drawn the share of which he now complains. Appellees alleged that at the time of the drawing appellant insisted the partition was fair; that he was completely familiar with the land to be partitioned; that all parties agreed they would be bound by the shares drawn; that all parties relied on the agreement to their injury and appellant was thereby estopped to complain of the report based on the drawing.

The jury findings on the issues under attack were to the effect that appellant led the other parties to believe he would abide by the drawing; that they did rely on his acts and conduct and would not otherwise have participated in the drawing; and that delay and financial loss to appellees resulted from appellant's failure to abide by the apportionment resulting.

The evidence shows appellant had been completely familiar with "every foot" of the land in question for many years. He testified he was thoroughly familiar with

each of the four portions of the commissioners' division and the share he drew, prior to the partition; that he knew the relative values of the four shares, before and at the time of the drawing of lots; that he had inspected the division map, had discussed it with the commissioners, made no protest, requested no more time for investigation and the parties agreed that the share of each would be determined by drawing a capsule containing a share number from a hat. The evidence shows that appellant's attorney called appellees' counsel, advising that the drawing was ready; that appellees' counsel came to the courtroom for this purpose, and began making inquiries of the commissioners as to the four shares, whereupon appellant's attorney urged that the drawing proceed and that the division was "perfectly fair." Appellant's attorney then outlined the final report of commissioners.

As we understand appellant's complaint as to the issues, it is that there is no evidence that appellees changed their position with reference to the property in question, and therefore an essential element of estoppel is lacking.

Obviously, when the agreement to abide the results of the drawing was made and the lots were drawn, the position of all parties was altered. However, it is not necessary that elements of equitable estoppel exist. Appellant is simply bound by his agreement and is not permitted to take an inconsistent position. Masterson v. Bouldin, Tex.Civ.App., 151 S.W.2d 301, 306, writ ref.; Gress v. Gress, Tex.Civ. App., 209 S.W.2d 1003, writ ref. n. r. e.

■ The propriety of the judgment, however, is not dependent on the issues assailed. The jury found, upon adequate evidence, that the four shares as assigned by the commissioners were of approximately equal market value. Any error concerning the "estoppel" issues becomes immaterial. Whited v. Powell, 155 Tex. 210, 285 S.W.2d 364, 369.

■ Refusal of requested issues inquiring as to values of three specific tracts in appellant's share is assigned as error. The ultimate issue under Rules 768 and 771, Texas Rules of Civil Procedure as presented by this record is whether the shares were "equal in value, as nearly as may be." The court fairly submitted this issue by inquiring whether the four shares were of approximately equal value. No objection was made to the issue. An answer to the issue refused would have been an evidentiary finding, absent correlative findings as to the value of the other shares. The point is overruled. Rule 279, T.R.C.P.

■ Error is assigned to refusal of a requested issue as to whether appellant "had full knowledge of all the real facts entering into the formation of the four shares." Refusal of the issue was not error. What the "real facts" are is conjectural. Appellant admitted he thoroughly knew the entire property and the relative values of the shares at the time of the drawing. Under the record, if the issue had been submitted and answered favorably, it would not have supported judgment for appellant.

■ Complaint is made as to issues relating to deep oil rights under a tract of 82.47 acres in appellant's share. As to this matter appellant pleaded affirmatively that a 7,000-foot test well condemned the tract "as being absolutely dry and productive of no oil whatsoever except the shallow wells thereon which are rapidly failing in production"; and "the entire 82.47 acres carries no deep oil whatsoever." Notwithstanding the matter was thus concluded, the court submitted the substance of issues concerning deep oil rights requested by appellant. Although no objection was made to the issues, he contends their submission was "fundamental error." Obviously, no error is presented. Haynes v. Taylor, Tex.Com.App., 35 S.W.2d 104; Patton v. Carter, Tex.Civ.App., 197 S.W. 2d 168.

Appellant asserts error with reference to questions propounded to him on cross-examination. This was not assigned as error in his motion for new trial as required by Rule 324, Texas Rules of Civil Procedure. Other points have been carefully considered, and presenting no merit, are overruled. The judgment of the trial court is affirmed.