George W. BURKITT, III, Appellant,

v.

Gordon BROYLES, Appellee.

No. 3775.

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1960.

Rehearing Denied Dec. 8, 1960.

Alton King, Palestine, Kelley & Ryan, Houston, for appellant.

Frank C. Williams, Palestine, for appellee.

WILSON, Justice.

Appeal from final decree, upon a jury verdict, confirming report of commissioners in a partition action.

■ Appellant first attacks the decree because the court struck his series of pleadings seeking to assert that the parties had no title to a lot which was included in the share allotted to him. All such pleadings, with the exception of appellant's original objections to the report of commissioners, were filed without leave less than seven days before trial, and, under the provisions of Rule 63, Texas Rules of Civil Procedure, will not be further noticed.

Two years before trial, the court entered a preliminary decree directing partition under Rule 761, in which it was determined appellant and appellee were the sole joint owners of the lot in question. Appellant appealed from this order and it was affirmed by the Houston Court of Civil Appeals, 317 S.W. 2d 762, writ ref., n. r. e. Apparently, the present question was not directly presented. Appellant filed objections to the subsequent report of commissioners, alleging the title to the lot in question wholly failed because it had been previously conveyed to a third person by predecessors in title. This portion of the objections was stricken on appellee's motion asserting that all questions affecting title had been adjudicated by the preliminary decree, and could not be reviewed by objections to the report of commissioners.

■ We think there was no error in the court's action. It is true, as appellant contends, that partition does not confer title, but effects localization of undivided interests, Chace v. Gregg, 88 Tex. 552, 558, 32 S.W. 520; Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472, and that all joint owners are necessary parties. Ward v. Hinkle, 117 Tex. 566, 8 S.W.2d 641, 645. It was also settled early in De La Vega v. League, 64 Tex. 205, 212 that "If all parties entitled to an interest in the property to be partitioned are not before the court, a decree will not be rendered." These, however, are not our questions. Our inquiry is as to whether these matters were finally adjudicated as between the parties by the preliminary decree, or may be subsequently raised by objections to the report.

■ Rule 760 provides that upon the hearing of the cause the court shall determine "all questions of law or equity affecting the title to such land which may arise." In Cannon v. Hemphill, 7 Tex. 184, 197, it was held that by the preliminary decree "the merits of the case are certainly determined and the rights of the parties concluded; nor should such decree be controlled or revised unless upon appeal or writ of error. The only question which could properly arise on the report of the commissioners would be as to the conformity of the division with the rules settled by the decree, and as such would arise upon the acts of the commissioners."

Appellant relies on McFarland v. Hall's Heirs, 17 Tex. 676. The decision is against him. Justice Wheeler held the preliminary decree was conclusive as to the rights of the parties and their interests in the subject matter. "It put an end to all matter in litigation. After it was rendered nothing remained but to carry it into effect * * * The only question that could properly arise on the report of the commissioners would be as to the conformity of the division with the rules settled by the, decree." The Su-

preme Court then held, "As the decree disposed of the issues, and settled definitively the rights of the parties, it was not subject to revision in the same court, at a subsequent term, unless for causes which would authorize a new trial or review." In the McFarland case the trial court did precisely what appellant urged the trial judge in the present case to do. For this action the judgment was reversed. The Supreme Court held that even if the preliminary decree was erroneous, "the decree would not be the less final and conclusive." We are unable to follow the construction placed on the McFarland decision in Pfeffer v. Meissner, Tex. Civ.App., 286 S.W.2d 241, 247, writ ref., n. r. e., as we think the case held directly opposite to the effect there given it. This is made clear by White v. Mitchell, 60 Tex. 164, in which Justice Stayton again held the initial decree was conclusive.

In Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326, 328, Justice Brown stated the preliminary decree in partition "determines the rights of the parties in the property and is a final judgment upon the merits of the case. From this an appeal may be taken, leaving the case before the court for the purpose of actual division of the property among the claimants according to the decree entered."

The Supreme Court set the present question at rest, however, by unqualified refusal of writ of error in Marmion v. Wells, Tex. Civ.App., 246 S.W.2d 704, 705. The case directly involved the present question. Appellant does not seek to distinguish it. After analyzing the partition rules, Justice Norvell for the San Antonio court said, "It is well settled that upon an appeal from the second or final decree matters determined by the first or interlocutory decree cannot be reviewed." The decision apparently was not called to the court's attention in Pfeffer v. Meissner. It was not error for the trial court to refuse to rescind or modify the initial decree.

 Complaint is made of refusal of requested issues and overruling objections to the charge. These matters are raised by formal bills of exception which do not reflect that Rules 272 and 276 were complied with. There is some doubt as to whether the record is preserved. Ramsey v. Polk County, Tex.Civ.App., 256 S.W.2d 425, no rehearing; Gowan v. Reimers, Tex.Civ. App., 220 S.W.2d 331, writ ref. n. r. e. We find no reversible error presented by the points. Special Issue No. 1 inquired whether the commissioners acted fairly and impartially in making the partition. Special Issue No. 2 asked whether there was an inequality in value of shares. Answers were favorable to appellee. Objection to the first issue was that it did not fairly present whether the shares were of equal value. We find no objection in the record to the second issue. Objection to the first issue was met by submission of the second, which fairly submitted the controlling issue in the absence of objection. Appellant's requests were as to phases and shades of this ultimate issue under Rule 279. Redden v. Hickey, Tex.Civ.App., 327 S.W.2d 778, 780.

Appellant's other points have been considered and are overruled. Affirmed.