**CHRYSLER CORPORATION, Appellant,**

v.

**Hans A. McCARTNEY, Appellee.**

**No. 12114.**

Court of Civil Appeals of Texas, Austin.

March 20, 1974.

---

Ferd C. Meyer, Jr., Matthews, Nowlin, Macfarlane & Barrett, San Antonio, for appellant.

John B. Stevenson, Jr., San Antonio, for appellee.

PHILLIPS, Chief Justice.

This is a venue case in which the district court overruled appellant's plea of privilege to be tried in Dallas County, Texas.

Appellee filed suit against Tri-Motors, Inc. and Chrysler Corporation in San Marcos, Hays County, Texas, alleging that he had purchased an automobile manufactured by appellant from appellant's dealer. Appellee is a resident of Comal County, Texas.

Tri-Motors, Inc. is a retail seller of Chrysler products located in San Marcos, Hays County. Chrysler Corporation is a foreign corporation located in Michigan; however, it does business in Texas and has a registered agent, C. T. Corporation System, located in Dallas.

Appellee controverted appellant's plea of privilege asking that the suit be moved to Dallas County under subdivisions 4, 23 and 29a of Article 1995, Vernon's Ann.Civil Statutes; however, appellee failed to incorporate his original pleadings by reference, and failed to allege a cause of action in his controverting affidavit as to any of the venue exceptions cited. Appellee only allged that Tri-Motors, Inc. is a Chrysler dealership and agency whose residence is IH35 South, San Marcos, Hays County, Texas. The court overruled appellant's plea of privilege.

Appellant cites as error the trial court's overruling appellant's plea of privilege because appellee's controverting plea is legally insufficient in that it fails to set out specifically upon what facts relief is sought and fails to establish a cause of action pursuant to subdivisions 4 and 23, of Article 1995, Vernon's Civil Statutes.

The record discloses that the appellee filed an amended controverting affidavit correcting the above described error two months after the original venue hearing; however, the record fails to disclose any motion made by appellee for the court's leave to file his supplemental pleading as is required by Rule 63, Texas Rules of Civil Procedure.

Rule 63, Tex.R.Civ.P., gives a party the right to file amended pleadings up to seven days prior to actual trial, ". . . provided, that any amendment offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed *only after leave* of the judge is obtained . . ." (emphasis added). This prerequisite leave of court must be complied with if amended pleadings are to be filed. The record before us does not reflect that this requirement was complied with; consequently, we remand the case to the district court of Hays County for further proceedings. See Burkitt v. Broyles, 340 S.W.2d 822 (Tex.Civ.App.1960, writ ref. n. r. e.); McCormick v. Stowe Lumber Co., 356 S.W.2d 450 (Tex.Civ.App. 1962, writ ref. n. r. e.); Medina v. Sherrod, 391 S.W.2d 66 (Tex.Civ.App.1965, no writ).

Reversed and Remanded.